Kevin Mahoney (SBN 235367)
kmahoney@mahoney-law.net
Na'Shaun Neal (284280)
nneal@mahoney-law.net
Treana Allen (SBN 302922)
tallen@mahoney-law.net
MAHONEY LAW GROUP, APC
249 East Ocean Boulevard, Suite 814
Long Beach, California 90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorneys for Plaintiffs Karen Mackall and Shaliza Lacombe, individually
and on behalf of all other California citizens similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| KAREN MACKALL individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHSOURCE GLOBAL STAFFING, INC., a California corporation, and DOES 1 through 50 inclusive,<br><br>Defendant. | Case No.: 3:16-cv-03810-WHO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO EFILE SUPPLEMENTAL BRIEFING AND CONTINUE DISCOVERY PLANNING DEADLINES PURSUANT TO L.R. 7-11**<br><br>Assigned For All Purposes To:<br>Hon. William H. Orrick<br>Courtroom 2, 17th Floor<br><br>Complaint filed: May 23, 2016<br>Trial Date:  None Set |

## I. INTRODUCTION

Defendants HealthSource Global Staffing, Inc. (HSGI) and Healthsource Global, at the eleventh hour, submits their Administrative Motion for an Order Granting both Defendants and Plaintiffs leave to File Supplemental Briefing, continuing all discovery planning deadlines until this Court rules on Defendants' Motion, and continuing the hearing on Defendants' Motion by two weeks to accommodate lead counsel's schedule.

## II. PROCEDURAL HISTORY

On May 23, 2016, Plaintiffs filed this wage and hour class action lawsuit against Defendant Healthsource Global Staffing, Inc. ("HGSI"), alleging eight causes of action. On or about July 7, 2016, Defendants filed a notice of removal to federal court pursuant to the Class Action Fairness Act 28 U.S.C. § 1332(d)(2) and 1453.

On June 20, 2016, Plaintiffs filed a First Amended Complaint, adding Healthsource Global ("HG") as a named defendant. On July 7, 2016, HGSI, removed Plaintiff's lawsuit. [Dkt. 1]. On July 28, 2016, Plaintiffs filed their Motion for Remand. [Dkt.15]. On August 11, 2016, Defendants filed their Opposition to Plaintiff's Motion for Remand. [Dkt. 18]. On August 17, 2016, Plaintiffs filed their Reply to Defendants' Opposition to Plaintiff's Motion for Remand. [Dkt. 20]. On September 2, 2016, the Court denied Plaintiffs' Motion for Remand. [Dkt. 25].

On July 14, 2016, Defendant filed a Motion to Compel Arbitration. [Dkt. 8]. On July 28, 2016, Plaintiff filed her Opposition to the Motion to Compel Arbitration, and on August 4, 2016, Defendant filed its Reply. [Dkt. 14, 17].

On September 2, 2016, the Court set an Initial Case Management Conference for October 25, 2016. [Dkt. 26]. Currently, Parties are to conduct their initial conference regarding the preparation of a proposed discovery plan, pursuant to Fed. Rules Civ.Proc., Rule 26, 28 U.S.C.A.(f) on October 4, 2016. The Rule 26(f) disclosures are due on October 18, 2016.

/ / /

/ / /

/ / /

2

PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO EFILE
SUPPLEMENTAL BRIEFING AND CONTINUE DISCOVERY PLANNING DEADLINES PURSUANT TO L.R. 7-11

### III. THE COURT SHOULD DENY DEFENDANTS' MOTION AS L.R. 7-11 IS AN IMPROPER METHOD TO REQUEST SUPPLEMENTAL BRIEFING

"The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example." *Wilens v. Automattic Inc* (N.D. Cal., July 16, 2014, No. C 14-02419 LB) 2014 WL 3530782, at *2. Here, the issue before us is governed by Civ. Local Rule 7-3(d)(2), specifically "relevant judicial opinion published after the date of opposition or reply was filed…" Civ. L.R. 7-3(d)(2).

It should be noted by this Court that Defendants have <u>not</u> provided any authority for the relief now being sought, except simply to state that they believe the same is necessary. "Supplemental Briefing is permitted when it will assist the Court in resolving an issue before it." *Runquist v. Woodford* (E.D. Cal., Feb. 25, 2009, No. CIV S-05-2614GEBEFBP) 2009 WL 466785, at *2, report and recommendation adopted *Runquist v. Woodford* (E.D. Cal., Mar. 24, 2009, No. 205CV2614GEBEFBP) 2009 WL 800172. Here, the briefing sought by Defendants will not assist the Court in resolving the issue. In fact, nowhere in Defendants' Motion do they allege that such a briefing will assist the Court in resolving an issue before it. The closest to any such allegation is that such briefing "is appropriate and beneficial to the Court." [Defendant's Motion for Supplemental Briefing (hereinafter "Defendant's Motion" p. 2:20-22].

Defendants' "Administrative Motion for Leave to File Supplemental Briefing" is nothing more than a "Sur-Reply," which is prohibited under Civ. L.R. 7-3(d). The Motion is an extension of Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Compel Arbitration and nothing less than an attempt to sway this Court by arguing against *Morris v Ernst & Young*, No. 13-16599, 2016 U.S. App. LEXIS 15638 (9th Cir. Aug. 22, 2016) by trying to showcase *Mohamed v Uber Techs., Inc.* No. 15-16178, No 15-16181, No. 15-16250, 2016 U.S. App. LEXIS 16413 (9th Cir. Cal. Sept. 7, 2016). [Defendant's Motion p.2:7-19]. The local rules are **structured to deter an endless cycle of filings and counter-filings** while preserving the Court's ability to render a decision that is fully-informed by any particularly germane legal authority that may emerge. *Michael Taylor Designs, Inc. v. Travelers*

PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO EFILE SUPPLEMENTAL BRIEFING AND CONTINUE DISCOVERY PLANNING DEADLINES PURSUANT TO L.R. 7-11

*Property Cas. Co. of America* (N.D. Cal. 2011) 761 F.Supp.2d 904, 909, *aff'd* (9th Cir. 2012) 495 Fed.App. 830. (emphasis added) This Court should not allow such a blatant attempt to circumvent the local rules by Defendants.

Based on the above-stated arguments, this Court should deny Defendants' motion in its entirety. Defendants have not and cannot show any reason why this late hour request for "supplemental briefing is necessary." In fact, Plaintiff raised the *Ernst Young* case immediately after the hearing, at which time Defendant never raised its intent to file a request for additional briefing. (Declaration of Kevin Mahoney ¶ 7 (hereinafter "Mahoney Decl.")).

## IV. THE COURT SHOULD DENY DEFENDANTS REQUEST TO POSTPONE DISCOVERY.

Once again, Defendants improper use of Civil Local Rule 7-11 attempts to change the Case Management Schedule by way of this motion. A district court's pretrial scheduling order shall not be modified absent a showing of "good cause." *Omoregie v. Boardwalk Auto Center, Inc.* (N.D. Cal., Nov. 10, 2008, No. C 07-3884 PJH) 2008 WL 4857942, at *1. The Case Management Schedule is governed by Civil Local Rule 7-16. A motion to amend a scheduling order should be brought pursuant to Fed. Rules Civ.Proc., rule 16, 28 U.S.C.A. *U.S. v. Cathcart* (N.D. Cal., June 24, 2009, No. C 07-4762 PJH) 2009 WL 1817006, at *1. Here, Defendants now seek to amend the Case Management Schedule by way of the instant Motion. "The plaintiff offers no authority to support their use of Local Rule 7–11 as a device to speed up the briefing schedule for a motion to stay based upon the need to preserve "time and resources." *Dister v. Apple-Bay East, Inc.* (N.D. Cal., Nov. 15, 2007, No. C 07-01377 SBA) 2007 WL 4045429, at *3. While the Plaintiff in *Dister* was attempting to speed up the briefing schedule, here Defendants are attempting to modify the scheduling order by disguising it as a discovery issue.

Defendants have been aware of the "briefing schedule" since at least July 7, 2016, and then again when the Court moved the CMC on September 2, 2016. Defendants now wait until the eleventh hour to ask this Court for relief from the same. "Plaintiff offers no authority to support his attempted use of Civil Local Rule 7–11. Indeed, a motion for a continuance, which seeks to modify a pretrial scheduling order must be brought pursuant to Civil Local Rule 6–3 and satisfy the good cause standard under Rule 16. A

4

PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO EFILE SUPPLEMENTAL BRIEFING AND CONTINUE DISCOVERY PLANNING DEADLINES PURSUANT TO L.R. 7-11

1 **request that fails to comport with procedures set forth in a district court's local rules** may be
2 summarily denied." *Silverman v. City and County of San Francisco* (N.D. Cal., Dec. 3, 2012, No. C 11-
3 1615 SBA) 2012 WL 6019309, at *1. (emphasis added)

4       Defendants' argument that requiring a Rule 26(f) conference at this juncture is inefficient and
5 inconsistent with HSGI's pending motion" is baseless and simply a delay tactic. [Defendant's Motion
6 p.3:17-9]. First, Defendants presume that they will be successful with respect to their Motion to Compel
7 Arbitration. Second, Defendants incorrectly assume that the required initial disclosures would not prove
8 useful in arbitration, should they be successful on their Motion. Finally, the scope of a discovery plan
9 can be hashed out at this time as the discovery plan is simply that, a plan whether the Parties are in this
10 Court or in arbitration. Based on the above, this Court should deny Defendants request to postpone the
11 scheduling conference.

12 **V.    THE COURT SHOULD DENY DEFENDANTS REQUEST TO CONTINUE THE**
13         **HEARING ON DEFENDANTS' MOTION.**

14       Defendants improper use of Civ. L.R. 7-11 to continue the hearing date once again is improper as
15 any such relief is governed by Civ. L.R. 6. While it is not Plaintiffs' intention to call into question
16 Defendants' counsel Mr. Rosenthal's faith, once again, the instant Motion is simply an improper process
17 by which Defendants seek not less than a two-week continuance on their Motion. While not of the Jewish
18 faith, Plaintiffs' counsel's wife is Jewish and they are raising their own daughters under the Jewish faith.
19 ("Mahoney Decl. ¶ 9). Plaintiffs' counsel also observes the high holy days and therefore is impacted in
20 the same way as Mr. Rosenthal. (Mahoney Decl. ¶ 9). In fact, Plaintiffs' counsel offered to move the
21 hearing date up, however, Defendants counsel has refused the same offer. (Mahoney Decl. ¶ 7). In fact,
22 Defendants' counsel never suggested an earlier date.

23       During the past several months Defendants at no time raised Mr. Rosenthal's inability to prepare
24 and/or travel. In fact, the Parties discussed the hearing with the Court at the end of the hearing on
25 Plaintiffs' Motion for Remand. (Mahoney Decl. ¶ 7). The Parties again discussed the hearing
26 immediately outside the courthouse, after the hearing on Plaintiff's Motion for Remand, and at no time
27 was this issue raised with Plaintiff's counsel. (Mahoney Decl. ¶ 7). This request is improper as a Motion
28

under Rule 7-11 is not the proper method by which to continue a hearing as the same is governed under Civ. L.R. 6. Therefore, based on the above, Plaintiffs respectfully request this Court deny Defendants' request to continue the hearing date.

## VI. CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied in its entirety as the Motion is an improper vehicle for the relief sought by Defendants.

Respectfully submitted,
**MAHONEY LAW GROUP, A.P.C.**

*/s/ Kevin Mahoney*

Dated: September 26, 2016

Kevin Mahoney
Na'Shaun L. Neal
Treana Allen
*Attorneys for Plaintiffs and all other similarly situated individual citizens of the State of California*