Kevin Mahoney (SBN 235367)
kmahoney@mahoney-law.net
Na'Shaun L. Neal (284280)
nneal@mahoney-law.net
Treana Allen (SBN 302922)
tallen@mahoney-law.net
MAHONEY LAW GROUP, A.P.C.
249 East Ocean Boulevard, Suite 814
Long Beach, California 90802
Telephone:  (562) 590-5550
Facsimile:  (562) 590-8400

Attorneys for Plaintiffs Karen Mackall and Shaliza Lacombe, individually
and on behalf of all other California citizens similarly situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MACKALL individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHSOURCE GLOBAL STAFFING, INC., a California corporation, and DOES 1-50 inclusive,<br><br>Defendants. | Case No.: 3:16-cv-03810-WHO<br><br>**DECLARATION OF KEVIN MAHONEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING AND CONTINUE DISCOVERY PLANNING DEADLINES PURSUANT TO L.R. 7-11**<br><br>Assigned For All Purposes To:<br>Hon. William H. Orrick<br>Courtroom 2, 17th Floor<br><br>Complaint filed: May 23, 2016 |

1

DECLARATION OF KEVIN MAHONEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING AND CONTINUE DISCOVERY PLANNING DEADLINES PURSUANT TO L.R. 7-11

**DECLARATION OF KEVIN MAHONEY**

I, Kevin Mahoney, declare:

1.      I am a fully qualified, adult resident of the State of California, and if called as a witness herein, I would testify truthfully to the matters set forth.  All of the matters set forth are within my personal knowledge, except those matters that are stated to be upon information and belief.  As to those matters, I believe them to be true.

2.      I am an attorney duly admitted to practice law before the courts in the State of California. I am the owner of the Mahoney Law Group, APC, and counsel of record for Plaintiff Karen Mackall ("Plaintiff") in the instant action *Karen Mackall v. Healthsource Global Staffing Inc., United States District Court Northern Division,* case number 3:16-cv-03810-WHO. This declaration is submitted in support of Plaintiff's Opposition to Defendant's Administrative Motion for Leaver to File Supplemental Briefing and Continue Discovery Planning Deadlines Pursuant to L.R. 7-11.

3.      On or about June 20, 2016, Plaintiff filed a First Amended Complaint alleging nine causes of action and adding Defendant Healthsource Global as a Defendant.  A true and correct copy of the FAC is attached hereto as Exhibit "A".

4.      On or about July 7, 2016, Defendant removed Plaintiffs' lawsuit.

5.      On July 28, 2016, Plaintiffs filed their Motion for Remand. On August 11, 2016, Defendant filed their Opposition to Plaintiffs' Motion for remand, and on August 17, 2016, Plaintiffs filed their Reply to Defendant's Opposition. On September 2, 2016, this Court denied Plaintiffs' Motion for Remand.

6.      On September 12, 2016, Mr. Brian Fong contacted my office and requested that that I sign a stipulation to continue the Motion to Compel Arbitration hearing currently set for October 5, 2016 to October 19, 2016. Mr. Fong further indicated that he would be willing to advance the Case Management Conference, currently set for October 25, 2016 to October 19, 2016, as well. A true and correct copy of the email from my paralegal Nicole Pierson to me is attached hereto as Exhibit "B."

7.      On September 13, 2016, Na'Shaun Neal, an attorney for Mahoney Law Group, APC, contacted Mr. Fong to meet and confer regarding moving the hearing dates. Mr. Fong indicated that his colleague Mr. Rosenthal observed Jewish holidays and due to the upcoming Rosh Hashana holiday

DECLARATION OF KEVIN MAHONEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING AND CONTINUE DISCOVERY PLANNING DEADLINES PURSUANT TO L.R. 7-11

1  could not attend the October 5, 2016, Motion to Compel Arbitration hearing. Mr. Neal suggested that
2  the hearings be advanced to September 28, 2016, in order to accommodate Mr. Rosenthal while at the
3  same time avoiding further delay of the case. Plaintiffs' counsel and Defendant's counsel discussed the
4  upcoming October 5, 2016, Motion to Compel Arbitration hearing, once with the court, during the
5  hearing for the Motion to Remand on August 31, 2016 and again, immediately after the hearing while
6  still at the courthouse. At no time before September 12, 2016, did Defendant's counsel indicate to
7  Plaintiffs' counsel that Mr. Rosenthal would be unable to prepare and/or travel for the upcoming
8  hearings. Further, Defendant, did not raise its intent to file a request for additional briefing either.

9       8.    On September 14, 2016, Mr. Fong emailed that he and Mr. Rosenthal were unavailable
10  on September 28, 2016, and given the upcoming Jewish holidays, again asked me to move the hearings.
11  Mr. Fong further requested that parties postpone the Initial Rule 26 conference until two weeks after the
12  court rules on the Motion to Compel Arbitration hearing and for Plaintiffs' counsel to reconsider a prior
13  offer regarding the supplemental briefing of the *Morris v. Ernst and Young* case and the *Mohamed v.*
14  *Uber* matter. Attached hereto as Exhibit "C" is a true and correct copy of the email from Mr. Fong.

15       9.    On September 14, 2016, I responded to Mr. Fong's email, declining to sign the proposed
16  stipulation. While I am not Jewish, my wife is, and we are raising our two daughters in the Jewish faith.
17  As a family, we observe the Jewish High Holidays and therefore, I, too, am impacted by the holiday of
18  Rosh Hashana which takes place on October 3rd and 4th. Further, the High Holiday concludes at sundown
19  on October 4, 2016, and it should not impede Mr. Rosenthal's ability to travel to the court. Like Mr.
20  Rosenthal, I too am located outside of the San Francisco area, and yet I am able to travel the morning of
21  October 5, 2016. Attached hereto as Exhibit "D" is a true and correct copy of my email response
22  (response is in red) to Mr. Fong.

23       10.    On September 15, 2016, Mr. Fong replied to my email, again asking for Plaintiffs to
24  agree to continue the Rule 26 briefing schedule and indicating that while Rosh Hashana falls on the 3rd
25  and 4th of October, that Mr. Rosenthal does not work during that holidays, and asking him to prepare
26  and travel the day after the holiday would be overly burdensome. Defendant further indicated that they
27  proposed stipulating to allow a briefing of the *Morris v. Ernest Young* matter after the Motion to Remand
28  hearing on August 31, 2016, and that now that *Mohamed v Uber* came down, Defendant believed that

3

DECLARATION OF KEVIN MAHONEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING AND CONTINUE DISCOVERY
PLANNING DEADLINES PURSUANT TO L.R. 7-11

the court should be advised of both cases' relevance to the current matter. Attached hereto as Exhibit "E" is a true and correct copy Mr. Fong's email response.

11.     Also on September 15, 2016, I responded to Mr. Fong's email, reiterating that my family also observes the Jewish High Holidays and that Plaintiff had proposed to advance the hearing in order to accommodate Mr. Rosenthal. Further stating that the request to move the date appeared to be an attempt to delay the case and that Mr. Rosenthal appeared to not want to travel the day after the holidays, which is not good cause. With regards to the *Morris* and *Mohamed* matters, I informed Defendant, that they were free to advise the court of both cases. Attached hereto as Exhibit "F" is a true and correct copy my email response.

12.     Mr. Fong replied, again on September 15, 2016, indicating that he believed the Court would benefit from a briefing of both aforementioned cases, along with reiterating his arguments for continuing the Motion to Compel Arbitration hearing date. Attached hereto as Exhibit "G" is a true and correct copy of Mr. Fong's email response.

13.     I replied to Mr. Fong's email stating that I did not believe asking Mr. Rosenthal to travel the day after Rosh Hashana was a stretch, considering that I too would have to travel the day after observing the holiday. I further indicated that I did not believe there was any reason to brief the aforementioned cases and that any request to the Court to do so, would be opposed. Attached hereto as Exhibit "H" is a true and correct copy my email response.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Long Beach, California on September 26, 2016.


*s/Kevin Mahoney*
Kevin Mahoney

4

# EXHIBIT A

Kevin Mahoney, Esq. (SBN: 235367)
kmahoney@mahoney-law.net
Treana L. Allen, Esq. (SBN: 302922)
tallen@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

JUN 2 0 2016

Attorneys for Plaintiffs KAREN MACKALL and SHALIZA LACOMBE, as individuals and on
behalf of all similarly situated employees

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## THE COUNTY OF ALAMEDA

| | |
|---|---|
| KAREN MACKALL, as an individual and on behalf of all similarly situated employees, | Case No.: HG16816839 |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION** |
| v. | |
| HEALTHSOURCE GLOBAL STAFFING, INC. and DOES 1 through 50, inclusive, | 1. **Failure to Pay Minimum Wages;** |
| | 2. **Failure to Pay Overtime Wages;** |
| Defendant. | 3. **Failure to Provide Meal Periods;** |
| | 4. **Failure to Provide Rest Periods;** |
| | 5. **Failure to Keep Accurate Payroll Records;** |
| | 6. **Failure to Pay Wages Upon Ending Employment;** |
| | 7. **Failure to Indemnify for Expenditures;** |
| | 8. **Unfair Competition (Business and Professions Code § 17200 et seq.); &** |
| | 9. **Violation of Labor Code §§ 2698-2699 (Private Attorneys' General Act).** |
| | **DEMAND FOR JURY TRIAL** |

FAX FILING

Plaintiff KAREN MACKALL (hereinafter "MACKALL" or "Plaintiff") on behalf of herself and all others similarly situated, complains and alleges as follows:

## I.

## **INTRODUCTION**

1.      This is a class action brought on behalf of Plaintiffs KAREN MACKALL and SHALIZA LACOMBE and the class they seek to represent (hereinafter "Plaintiff Class"), as defined herein as all non-exempt employees, employed by or formerly employed by Defendants HEALTHSOURCE GLOBAL STAFFING, INC., and HEALTHSOURCE GLOBAL (hereinafter "HGSI" and "HSG" respectively or "Defendants" collectively).

2.      Plaintiffs individually, and on behalf the class they seek to represent, seek relief against HSGI and/or HSG for the failure to pay all wages due in violation of Cal. Labor Code sections 510 and 1194, including both regular and overtime wages; the failure to provide meal and rest periods or compensation in lieu thereof pursuant to Cal. Labor Code sections 226.7 and 512, sections 11 and 12 of the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 et seq.; the failure to pay wages of terminated or resigned employees pursuant to *Cal. Labor Code* sections 201 through 203; the failure to provide accurate itemized wage statements upon payment of wages pursuant to Cal. Labor Code sections 226(a), 1174, 1175, and section 7 of the IWC Wage Orders. Plaintiffs further seek equitable remedies in the form of declaratory relief and injunctive relief, and relief under the Bus. & Prof. Code sections 17200 et seq. for unfair business practices.

3.      The "Class Period" is defined as the four (4) years prior to the filing of the Complaint through the date final judgment is entered. Plaintiff reserves the right to amend this Complaint to reflect a different "Class Period" as further discovery is conducted.

4.      At all relevant times herein, HSGI and/or HSG and each Defendant, have consistently maintained and enforced against Plaintiffs and Plaintiff Class the following unlawful practices and policies: a) willfully refusing to pay Plaintiff and Plaintiff Class for all hours worked, including both regular, overtime and double-time; b) willfully refusing to permit Plaintiff and Plaintiff Class from taking meal and/or rest periods or compensation in lieu thereof; c)

- 2 -

1  willfully refusing to compensate Plaintiff and certain members of the Plaintiff Class wages due
2  and owing at the time Plaintiff's and Plaintiff Class' employment with Defendants ended; and d)
3  willfully refusing to furnish to Plaintiff and Plaintiff Class accurate itemized wage statements
4  upon payment of wages.

**II.**

**JURISDICTION AND VENUE**

7   5.   Venue is proper in this Judicial district and the County of Alameda, because the
8  Defendants maintain their locations and transacts business in this county, the obligations and
9  liability arise in this county, and work was performed by Plaintiff and members of the proposed
10 class made the subject of this action in the County of Alameda, California.

11   6.   The California Superior Court has jurisdiction in the matter because the individual
12 claims are under the seventy-five thousand dollar ($75,000.00) and five million ($5,000,000.00)
13 jurisdictional threshold for Federal Court and, upon information and belief, Plaintiffs and
14 Defendant are residents of and/or domiciled in the State of California.  Further, there is no federal
15 question at issue as the issues herein are based solely on California Statutes and law including the
16 *California Labor Code, Industrial Welfare Commission Wage Orders, Code of Civil Procedure,*
17 *Rules of Court,* and *Business and Professions Code.*

**III.**

**THE PARTIES**

20 **A.   The Plaintiffs**

21   7.   Plaintiffs at various relevant times herein, were employees of the Defendants and
22 entitled to compensation for all hours worked, overtime compensation, and penalties from
23 Defendants. Plaintiffs were employed by Defendants for a portion of the last four (4) years prior
24 to the commencement of this action, in the County of Los Angeles at various times herein
25 relevant.  Plaintiffs were employed by the Defendants during the Class Period in non-exempt
26 hourly positions as Registered Nurses. Each of the Plaintiff Class members are identifiable,
27 current, and/or formerly similarly situated persons who were employed in non-exempt hourly
28 positions as including but not limited to registered nurses and related positions in California for

-3-

1 | the Defendants during the Class Period.

2 | **B.     The Defendants**

3 |     8.      Plaintiffs are informed and believe, and based thereon allege, that "Healthsource
4 | Global Staffing Inc. ("HSGI") is a corporation, and is and/or was the employer of the Plaintiff
5 | and Plaintiff Class during the Class Period.  During the liability period, Defendant employed
6 | Plaintiffs and similarly situated persons and failed to pay Plaintiffs and Plaintiff Class for all hours
7 | worked as a result of working off the clock, travel time to and from various hospitals, overtime
8 | premium for overtime and double-time hours worked, failed to provide meal periods or pay a
9 | meal period penalty in lieu of, failed to provide rest periods or pay a rest period penalty in lieu of,
10 | and failed to pay due and owing wages upon ending of employment for employees within
11 | California.  On information and belief, and based thereon alleges, that Defendant is conducting
12 | business in good standing in California.

13 |     9.      Plaintiffs are informed and believe, and based thereon allege, that "Healthsource
14 | Global" is an unknown business entity, and is and/or was the employer of the Plaintiffs and
15 | Plaintiff Class during the Class Period.  During the liability period, Defendant employed Plaintiffs
16 | and similarly situated persons and failed to pay Plaintiffs and Plaintiff Class for all hours worked
17 | as a result of working off the clock, travel time to and from various hospitals, overtime premium
18 | for overtime and double-time hours worked, failed to provide meal periods or pay a meal period
19 | penalty in lieu of, failed to provide rest periods or pay a rest period penalty in lieu of, and failed
20 | to pay due and owing wages upon ending of employment for employees within California.  On
21 | information and belief, and based thereon alleges, that Defendant is conducting business in good
22 | standing in California.

23 |     10.     Plaintiffs are ignorant of the true names, capacities, relationships, and extent of
24 | participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 50,
25 | inclusive, but on information and belief allege that said Defendants are legally responsible for the
26 | payment of overtime compensation, rest and meal period compensation and/or Cal. Labor Code
27 | section 203 penalties to the Plaintiff Class members by virtue of their unlawful practices, and
28 | therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND
RESTITUTION

1  allege the true names and capacities of the DOE Defendants when ascertained.

2        11.    Plaintiffs are informed and believe, and based thereon allege, that each Defendants

3  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

4  scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants

5  legally attributable to the other Defendants.

6  <div align="center">**IV.**</div>

7  <div align="center">**GENERAL ALLEGATIONS**</div>

8        12.    California Labor Code section 1194 provides that notwithstanding any agreement

9  to work for a lesser wage, an employee receiving less than the legal overtime compensation is

10  entitled to recover in a civil action the unpaid balance of their overtime compensation, including

11  interest thereon, reasonable attorneys' fees, and costs of suit.

12        13.    Further, Business and Professions Code section 17203 provides that any person

13  who engages in unfair competition may be enjoined in any court of competent jurisdiction.

14  Business and Professions Code section17204 provides that any person who has suffered actual

15  injury and has lost money or property as a result of the unfair competition may bring an action in

16  a court of competent jurisdiction.

17        14.    During all, or a portion of the Class Period, Plaintiffs and each member of the

18  Plaintiff Class was employed by Defendants and each of them, in the State of California. Plaintiffs

19  and each of the Plaintiff Class members were non-exempt employees covered under one or more

20  Industrial Welfare Commission (IWC) Wage Orders, and Cal. Labor Code section 510, and/or

21  other applicable wage orders, regulations and statutes, and each Plaintiff Class member was not

22  subject to an exemption for executive, administrative and professional employees, which imposed

23  obligations on the part of the Defendants to pay Plaintiffs and Plaintiff Class members lawful

24  overtime compensation.  Plaintiffs and Plaintiff Class were covered by one or more Industrial

25  Welfare Commission (IWC) Wage Orders, and Labor Code section 226.7 and other applicable

26  wage orders, regulations and statutes which imposed an obligation on the part of the Defendants

27  to pay Plaintiffs and Plaintiff Class rest and meal period compensation.

28  / / /

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND
RESTITUTION

15. During the Class Period, Defendants were obligated to pay Plaintiffs and Plaintiff Class members for all hours worked.

16. During the Class Period, Defendants were obligated to pay Plaintiffs and Plaintiff Class members overtime compensation for all hours worked over eight (8) hours of work in one (1) day or forty (40) hours in one (1) week, and double-time for hours worked in excess of twelve (12) in one day.

17. During the Class Period, Defendants were obligated to provide Plaintiffs and Plaintiff Class with a work free meal and/or rest period(s).

18. Plaintiffs and each Plaintiff Class member primarily performed non-exempt work in excess of the maximum regular rate hours set by the IWC in the applicable Wage Orders, regulations or statutes, and therefore entitled the Plaintiffs and Plaintiff Class members to overtime compensation at time and a half rate, and when applicable, double time rates as set forth by the applicable Wage Orders, regulations and/or statutes.

19. Plaintiff Class members who ended their employment during the Class Period, but were not paid the above due compensation for all hours worked, overtime compensation timely upon the termination of their employment as required by Cal. Labor Code sections 201 through 203, and is entitled to penalties as provided by Cal. Labor Code section 203.

20. During the Class Period, the Defendants, and each of them, required the Plaintiffs and Plaintiff Class members to work off the clock as well as overtime without lawful compensation, in violation of the various applicable Wage Orders, regulations and statutes, and the Defendants: (1) willfully failed and refused, and continue to fail and refuse to pay compensation for all hours worked, lawful overtime and double-time compensation to the Plaintiff Class members; and (2) willfully failed and refused, and continue to fail and refuse to pay due and owing wages promptly upon termination of employment to Plaintiffs and certain Plaintiff Class members.

21. During the Class Period, Defendant, and each of them failed and/or refused to schedule Plaintiffs and Plaintiff Class in an overlapping manner so as to reasonably provide meal and/or rest breaks and/or shift relief for Plaintiffs and Plaintiff Class, thereby causing members

- 6 -

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

of the Plaintiff Class to work without being given paid ten (10) minute rest periods for every four (4) hours or major fraction thereof worked and without being given a thirty (30) minute meal period for shifts of at least five (5) hours and second thirty (30) minute meal periods for shifts of at least ten (10) hours during which Plaintiff Class were relieved of all duties and free to leave the premises.  Defendants further failed and/or refused to schedule Plaintiffs and Plaintiff Class in an overlapping manner so as to reasonably ensure meal and/or rest breaks were taken within the required statutory time frame as required by law. Furthermore, Defendants failed and/or refused to pay any Plaintiff Class one (1) hour's pay at the employees' regular rate of pay as premium compensation for failure to provide rest and/or meal periods or to providing such rest and/or meal periods within the statutory time frame as a result of their scheduling policy.

## V.

## CLASS ALLEGATIONS

22.     Plaintiffs bring this action on behalf of himself and all other similarly situated persons ("Plaintiff Class"), as a class action pursuant to *California Code of Civil Procedure* § 382. The Plaintiff Class is composed of and defined as follows: All persons who are employed or have been employed by Defendant in the State of California who, within the four years of the filing of this Complaint, have worked as non-exempt employees and were not paid all lawful wages as regular time, overtime, and double-regular time.

       a.  All persons who are employed or have been employed by Defendants in the State of California for the four years prior to the filing of this class action to the present who worked as non-exempt employees and who were not paid all minimum wages owed.

       b.  All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present have worked as non-exempt employees and have not been provided a meal period for every five hours or major fraction thereof worked per day, and were not provided one hour's pay for each day on which such meal period was not provided;

c. All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present have worked as non-exempt employees and have not been provided a rest period for every four hours or major fraction thereof worked per day, and were not provided compensation of one hour's pay for each day on which such rest period was not provided;

d. All persons who were employed by Defendants in the State of California who, for the three (3) years prior to the filing of this class action to the present have worked as non-exempt employees and have been terminated or resigned, and have not been paid wages pursuant to Cal. Labor Code section 203 and are owed restitution for waiting time penalties for unpaid wages;

e. All persons who were employed by Defendants in the State of California who, for the four (4) years prior to the filing of this class action to the present have worked as non-exempt employees and were not paid all wages owed, including but not limited to overtime;

f. All persons who were employed by Defendants in the State of California who, for the four (4) years prior to the filing of this class action to the present have worked as non-exempt employees and were not provided an accurate payroll record as required under Cal. Labor Code section 226 and Cal. Labor Code section 1174;

g. All current and former California hourly non-exempt employees who work or worked for Defendants during the liability period to be determined and who suffered injury, including lost money, as a result of Defendants' unfair competition;

h. All current and former California non-exempt employees who work or worked for Defendants during the liability period to be determined and who suffered injury, including no being reimbursed for necessary business expenditures as required under Cal. Labor Code section 2802; and

- 8 -

i.   All current and former California hourly non-exempt employees who work or worked for Defendants during the liability period to be determined and who are entitled to recover from Defendants unpaid wages, overtime compensation, rest and meal period compensation and penalties, waiting period wages and penalties, attorneys' fees and costs under Cal. Labor Code sections 2698 through 2699.

23.   Plaintiffs reserve the right under Rule 1855(b), California Rules of Court, to amend or modify the Plaintiff Class description with greater specificity or further division into subclasses or limitation to particular issues.

24.   This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure section 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

25.   This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure section 382 because:

(a)   The questions of law and fact common to the Plaintiff Class predominate over any question affecting only individual members;

(b)   A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Plaintiff Class;

(c)   The Plaintiff Class is so numerous that it is impractical to bring all member of the Plaintiff Class before the Court;

(d)   Plaintiff and the other members of the Plaintiff Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendant's actions have inflicted upon the Plaintiff Class;

- 9 -

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

(f)     There is a community of interest in ensuring that the combined assets and available insurance of the Defendant is sufficient to adequately compensate members of the Plaintiff Class for the injuries sustained;

(g)     Without class certification, the prosecution of separate actions by individual members of the Plaintiff Class would create a risk of:

(1)     Inconsistent or varying adjudications with respect to individual members of the Plaintiff Class which would establish incompatible standard of conduct for the Defendants; and/or

(2)     Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who is, or may be, responsible Defendant(s); and

(h)     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## VI.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

**(Plaintiffs and Plaintiff Class Members against all Defendants)**

26.     Plaintiffs hereby incorporate each and every allegation contained above, and re-allege said allegations as if fully set forth herein.

27.     California Labor Code § 1194(a) states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

- 10 -

28.   At all times relevant, Defendants have failed to pay Plaintiffs and Plaintiff Class minimum wage for all of the hours they have worked in violation of the Labor Code and IWC Wage Orders.

29.   In particular, Defendants' compensation scheme fails to properly pay Plaintiffs and Plaintiff Class for many work-related activities, including time spent traveling on Defendants' bus to get to the various hospitals that Defendants' contract with to provide temporary staffing.

30.   Defendants' failure to pay Plaintiffs and Plaintiff Class the minimum wage for all hours worked violates the 'California Labor Code and IWC Wage Orders, and Plaintiffs, on behalf of herself and Plaintiff Class, seeks compensation for all unpaid straight time for the time period relevant herein as well as attorneys' fees and costs.

31.   California Labor Code § 1194.2(a) states:
(a) In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation.

32.   Plaintiffs and Plaintiff Class are not paid the minimum wage for all hours worked in violation of California Labor Code § 1194(a).

33.   Pursuant to California Labor Code § 1194.2(a), Plaintiffs and Plaintiff Class are entitled to recover liquidated damages in the amount of any unpaid wages for the above stated uncompensated time worked, plus interest on that amount, plus reasonable attorneys' fees and costs.

**VI.**

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME AND DOUBLE-TIME WAGES**

**(Plaintiffs and Plaintiff Class Members against all Defendants)**

34.   Plaintiffs and Plaintiff Class incorporate paragraphs 1 through 33 of this Complaint as if fully alleged herein.

35.   Plaintiffs and Plaintiff Class members regularly worked over eight (8) hours per day and forty (40) hours per week. Plaintiffs and Plaintiff Class members regularly worked over

- 11 -

twelve (12) hours per day and forty (40) hours per week.  Defendants failed to pay Plaintiffs and Plaintiff Class members overtime premium for hours worked in excess of over eight (8) hours per day and forty (40) hours per week for work performed for the Defendants.  Defendants further failed to pay Plaintiffs and Plaintiff Class members double-time premiums for hours worked in excess of over twelve (12) hours worked. Defendants failed to schedule Plaintiff and Plaintiff Class members in such a manner that allowed Plaintiffs and Plaintiff Class members to be relieved of their shift immediately, thereby causing Plaintiffs and Plaintiff Class members to work in excess of eight (8) hours and twelve (12) hours per day and/or forty (40) hours per week. Furthermore, Defendants required Plaintiffs to ride their bus and thus Plaintiffs were entitled to be compensated for such time. As such Plaintiffs and Plaintiff Class seek overtime in an amount according to proof.  Pursuant to Cal. Labor Code section 1194, the Plaintiff Class members seek the payment of all overtime compensation which they earned and accrued four (4) years prior to filing this Complaint, according to proof.

36.     Additionally, Plaintiffs and Plaintiff Class members are entitled to attorneys' fees and costs, pursuant to California Labor Code section 1194 and prejudgment interest.

## VII.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

#### (Plaintiffs and Plaintiff Class Member against all Defendants)

37.     Plaintiffs and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 36.

38.     California Labor Code sections 226.7 and 512, provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes or employ any person for a work period of more than ten (10) hours without a second meal period of not less than thirty (30) minutes.

39.     California Labor Code section 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal

- 12 -

period is not provided in accordance with this section.

40.     Defendants, and each of them, failed to schedule non-exempt employees in an adequately overlapping manner so as to reasonably ensure Plaintiffs and Plaintiff Class could take and/or receive such meal periods within the statutory timeframe.   As a result, Plaintiffs and Plaintiff Class were often forced to forego meal periods and/or work during their meal periods. In so doing, Defendant has intentionally and improperly denied meal periods to Plaintiffs and Plaintiffs Class in violation of Cal. Labor Code sections 226.7 and 512 and other regulations and statutes.

41.     At all times relevant hereto, Plaintiffs and Plaintiff Class have worked more than five (5) hours in a workday.

42.     At varying times relevant hereto, Plaintiffs and Plaintiff Class at times have worked more than ten (10) hours in a workday.

43.     At all times relevant hereto, the Defendants, and each of them, due to their failure to schedule non-exempt positions in a manner so as to reasonably provide meal and/or work free meal periods as required by Cal. Labor Code sections 226.7 and 512.

44.     By virtue of the Defendants' failure to schedule Plaintiffs and Plaintiff Class in such a way as to provide meal periods, and/or work free meal periods to Plaintiff and Plaintiff Class thereby causing Plaintiffs and Plaintiff Class to suffer, and will continue to suffer, damages in the amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

45.     Plaintiffs individually, and on behalf of the Plaintiff Class, requests recovery of meal period compensation pursuant to Cal. Labor Code section 226.7 which they are owed beginning four (4) years prior to filing this Complaint as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

///

///

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

**VIII.**

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF**

**(Plaintiffs and Plaintiff Class against all Defendants)**

46.     Plaintiffs and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 45 as if fully alleged herein.

47.     California Labor Code section 226.7 provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours.

48.     California Labor Code section 226.7(b) provides that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

49.     Defendants, and each of them, failed and or refused to implement a relief system by which Plaintiffs and Plaintiff Class could receive rest periods and/or work free rest periods. Furthermore, due to Defendants relief system, Plaintiffs and Plaintiff Class did not receive their rest periods within the required statutory time frame.  By and through their actions, Defendants intentionally and improperly denied rest periods to the Plaintiffs and Plaintiff Class in violation of Cal. Labor Code sections 226.7 and 512.

50.     At all times relevant hereto, Plaintiffs and Plaintiff Class, have worked more than four (4) hours in a workday.

51.     By virtue of the Defendants' unlawful failure to provide rest periods to Plaintiffs and Plaintiff Class as a result of their scheduling and shift relief system, Plaintiff and Plaintiff Class have suffered, and will continue to suffer, damages, in amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

52.     Plaintiffs, themselves and on behalf of employees similarly situated, request recovery of rest period compensation pursuant to Cal. Labor Code section 226.7, which they are owed beginning four (4) years prior to filing this Complaint as well as the assessment of any

- 14 -

statutory penalties against Defendants, and each of them, in a sum as provided by the Labor Code and/or any other statute.

## IX.

### FOURTH CAUSE OF ACTION

### FAILURE TO KEEP ACCURATE PAYROLL RECORDS

#### (Plaintiffs and Plaintiff Class against all Defendants)

53.    Plaintiffs and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 52 as if fully alleged herein.

54.    California Labor Code section 1174 (d), requires an employer to keep at a central location in California or at the plant or establishment at which the employees are employed, payroll records showing the hours worked daily, and the wages paid to, each employee. Plaintiffs are informed, and believe that Defendants willfully failed to make or keep accurate records for Plaintiffs and Plaintiff Class.

55.    California Labor Code section 226(a) states that, "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned; (2) total hours worked by the employee...; (4) all deductions...; (5) net wages; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than  a social security number; (8) the name and address of the legal entity that is the employer...; and (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee..."

56.    IWC Wage Order Number 1-2001, paragraph 7(a) requires that every employer shall keep accurate information with respect to each employee, including time records showing when each employee begins and ends each work period, the total daily hours worked by each employee and the total hours worked in each payroll period, and applicable rates of pay. Plaintiffs are informed and believe that Defendants willfully and intentionally failed to make and/or keep

- 15 -

records which accurately reflect the hours worked by Plaintiffs and Plaintiff Class. Specifically, Plaintiffs believe that Defendants' records do not accurately reflect where Plaintiffs and Plaintiff Class worked during their meal and/or rest breaks due to Defendants' failure to schedule Plaintiff and Plaintiff Class in an overlapping manner so as to provide them with a meal and/or rest period, as well as not recording the travel time Plaintiffs and Plaintiff Class was required to spend traveling on Defendants' buses.

57.    Plaintiffs are informed and believe, that Defendants' failure to keep accurate payroll records, as described above, violated Cal. Labor Code section1174(d) and the applicable wage order. Plaintiffs and the Plaintiff Class are entitled to penalties of $100.00 for the initial violation and $200.00 for each subsequent violation for every pay period during which these records and information was not kept by Defendants.

58.    An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

59.    Plaintiffs are informed and believe that Defendants' failure to keep and maintain accurate records and information, as described above, were willful, and Plaintiffs and Plaintiff Class are entitled to a statutory penalty of $500.00 for Plaintiffs and each member of Plaintiff Class pursuant to *Cal. Labor Code § 1174.5*.

///
///
///
///
///
///
///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

**X.**

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES OF TERMINATED OR RESIGNED EMPLOYEES**

**(Plaintiffs and Plaintiff Class against all Defendants)**

60.     Plaintiffs and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 59 as if fully alleged herein.

61.     Plaintiffs and certain members of the Plaintiff Class who ended their employment with Defendants during the Class Period, were entitled to be promptly paid lawful overtime compensation and other premiums, as required by Cal. Labor Code section 201-203.  Defendants refused and/or failed to promptly compensate Plaintiffs and Plaintiff Class wages owed as a result of their failure to provide meal and/or rest periods as well as pay overtime compensation. Pursuant to Cal. Labor Code section 203, such Plaintiffs and Plaintiff Class seek the payment of penalties pursuant to Cal. Labor Code section 203, according to proof.

62.     Accordingly, Plaintiffs and Plaintiff Class are entitled to attorney's fees, and costs, pursuant to Cal. Labor Code section 1194 for the underlying claims related to this claim, including but not limited to the recovery of unpaid overtime.

**XII.**

**SIXTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENDITURES**

**(Plaintiffs and Plaintiff Class against all Defendants)**

63.     Plaintiffs and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 62 of this Complaint.

64.     California Labor Code section 2802 states, "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

65.     Plaintiffs and the Plaintiff Class were not reimbursed by Defendants for necessary expenditures as a direct consequence of the discharge of their duties.

66.     Defendants knowingly, willingly and intentionally attempted to offset the cost of

- 17 -

doing business on the Plaintiffs and Plaintiff Class.

67.   Defendants have a corporate practice and policy of requiring Plaintiffs and Plaintiff Class to shoulder the burden of Defendants' cost of doing business by failing to reimburse Plaintiffs and Plaintiff Class for necessary expenditures.

68.   Accordingly, Plaintiffs and Plaintiff Class are entitled to an award of "necessary expenditures or losses" in accordance with Cal. Labor Code section 2802, which shall also include all reasonable costs, including, but not limited to, attorneys' fees and interest.

## XII.

### SEVENTH CAUSE OF ACTION

### <u>UNFAIR COMPETITION LAW</u>

**(Plaintiffs and Plaintiff Class against all Defendants)**

69.   Plaintiffs and Plaintiffs Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 68 of this Complaint.

70.   California Business and Professions Code section 17200 et. seq. (also referred to herein as the "Unfair Business Practices Act" or "Unfair Competition Law") prohibit unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

71.   California Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Competition Law ("UCL").

72.   California Labor Code section 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

73.   Beginning at an exact date unknown to Plaintiffs, but at least four years prior to the filing of this lawsuit, Defendants has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint including but not limited to violations of *Cal. Labor*

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

*Code* §§ 204, 1197, 1198 of the 226.7 and 512 as well as other statutes.

74.     The violations of these laws and regulations, as well as of the fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code sections 17200 et. seq.

75.     The acts and practices described above constitute unfair, unlawful and fraudulent Business Practices, and unfair competition, within the meaning of Business and Professions Code sections 17200 et. seq.  Among other things, the acts and practices have forced Plaintiffs and other similarly situated employees to labor for many hours without receiving the meal and rest periods and overtime compensation, to which they are entitled by law, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

76.     As a result of Defendants' acts, Plaintiffs and Plaintiff Class have suffered injury in fact in being denied their statutorily entitled meal and rest periods and full compensation for hours of labor.  As a result of Defendants' unlawful acts of unfair competition, Plaintiffs and Plaintiff Class have lost money and property in the form of a loss of wages in an amount to be proven at trial.

77.     As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and Plaintiff Class have suffered lost wages in an amount to be proven at trial.

78.     Business and Professions Code section 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

79.     Business and Professions Code section 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition. Plaintiffs and Plaintiff Class are entitled to restitution pursuant to Business and Professions Code sections 17203 for all wages and payments unlawfully withheld from employees, including the fair value of the meal and rest periods taken away from them, during the four-year period prior to the filing of this Complaint.

80.     Business and Professions Code section 17202 provides, "Notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiffs and Plaintiff Class are entitled to enforce all applicable penalty provisions of the *Labor Code* pursuant to Business and Professions Code section 17202.

81.     Plaintiffs' success in this action will enforce important rights affecting public interest, and in that regard Plaintiffs sue on behalf of the general public, as well as themselves and other similarly situated employees.  Plaintiffs and Plaintiff Class seek and are entitled to restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owing them.

82.     Plaintiffs herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Cal. Code of Civ. Proc. section 1021.5 and otherwise.

## XIII.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS'

## GENERAL ACT - CAL. LABOR CODE § 2698-2699

### (Plaintiffs and Plaintiff Class against all Defendants)

83.     Plaintiffs and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 73 of this complaint.

84.     California Labor Code sections 2698-2699 - The Labor Code Private Attorneys' General Act of 2004 provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards agencies or employees for a violation of the *Cal. Labor Code*, may be recovered through a civil action by an aggrieved employee on behalf of himself or herself, and collectively on behalf of all other current or former employees.

- 20 -

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

85.     Whenever the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards agencies or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions to assess a civil penalty.

86.     Plaintiffs and Plaintiff Class are "aggrieved employees" as defined by Cal. Labor Code section 2699 in that they are all current or former employees of Defendant, and one or more of the alleged violations was committed against them.

87.     Prior to filing this Complaint, on May 6, 2016, Plaintiffs gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and to Healthsource Global Staffing, Inc., of the specific provisions alleged to have been violated, including the facts and theories to support the alleged violations as required by Cal. Labor Code section 2699.3.

88.     Prior to filing this First Amended Complaint, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and to Healthsource Global or the specific provisions alleged to have been violated, including the facts and theories to support the alleged violations as required by Cal. Labor Code section 2699.3.

89.     Plaintiffs assert all of the claims in this Complaint against Defendants, individually and on behalf of all aggrieved employees of the Plaintiff Class, in their capacity as private attorney general, and seeks all statutory penalties available under the Labor Code.

90.     Pursuant to Cal. Labor Code section 2699 Plaintiffs, individually and on behalf of all aggrieved employees, request and are entitled to recover from Defendants; unpaid wages, overtime compensation, rest and meal period compensation and penalties, waiting period wages and penalties according to proof, penalties for failure to keep accurate payroll records, interest, attorneys' fees and costs pursuant to Cal. Labor Code sections 218.5 and 1194(a), and 1174, as well as all statutory penalties, and attorney's fees against Defendant, including but not limited to:

(a.)    Penalties under Cal. Labor Code section 2699 in the amount of $100 for each aggrieved employee per pay period for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

(b.)    Penalties under Code of Regulations Title 8 section 11070 in the amount of

- 21 -

$50 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation; and

(c.) Any and all additional penalties and sums as provided by the Labor Code and/or other statutes.

91. In addition, thereto, Plaintiffs seeks and are entitled to 50% of all penalties obtained under Cal. Labor Code section 2699 to be allocated to the General Fund, and 25% of all penalties obtained to be allocated to the Labor and Workforce Development Agency, for education of employers and employees about their rights and responsibilities under the Labor Code and 25% to all aggrieved employees.

92. Further, Plaintiffs is entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Labor Code sections 2699, 218.5, 226, 1174, and1194, and any other applicable statute.

**XIV.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and Plaintiff Class pray for judgment as follows:

1. For nominal damages;

2. For restitution of all monies due to Plaintiffs and Plaintiff Class, and disgorged profits from the unlawful business practices of Defendant;

3. For waiting time penalties pursuant to Cal. Labor Code § 203, on behalf of the terminated or resigned employees;

4. For penalties pursuant to Cal. Labor Code §§ 226, 226(e), 226.7, 512 and 1194, and as provided for by Cal. Labor Code § 2699;

5. For interest accrued to date;

6. Injunctive relief, enjoining Defendant from engaging in the unlawful and unfair business practices complained herein;

7. Declaratory relief, enjoining Defendant's practices as being unlawful and unfair business practices within the meaning of Bus. & Prof. Code §§ 17200, et seq.,

- 22 -

and declaring Defendant has unlawfully treated Plaintiffs and Plaintiff Class, failed to pay all wages and overtime compensation in violation of California law, failed to pay wages to former employees, Plaintiffs and other certain members of Plaintiff Class, failed to provide Plaintiffs and Plaintiff Class accurate itemized wage statements upon payment of wages, and declaring the amounts of damages, penalties, equitable relief, costs, and attorneys' fees Plaintiffs and Plaintiff Class are entitled to;

8.   For costs of suit and expenses incurred herein pursuant to Cal. Labor Code §§ 226 and 1194;

9.   For reimbursement of necessary business expenditures, including attorneys' fees and costs;

10.  For reasonable attorneys' fees pursuant to Cal. Labor Code §§ 226 and 1194; and

11.  For all such other and further relief as the Court may deem just and proper.

Dated: June 17, 2016                    **MAHONEY LAW GROUP, APC**

Kevin Mahoney, Esq.
Attorneys for Plaintiff KAREN MACKALL
as an individual and on behalf of all
similarly situated employees

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

**EXHIBIT B**

**Nicole Pierson**

| | |
|---|---|
| **From:** | Nicole Pierson |
| **Sent:** | Monday, September 12, 2016 11:36 AM |
| **To:** | 'Kevin Mahoney' |
| **Subject:** | Mackall v. Healthsource Global |

Bryan Fong for Healthsource Global called. He would like to know if you would sign a stipulation to continue the Motion to Compel Arbitration and the CMC to October 19, 2016.  The CMC is currently scheduled for 9/25/2016 and the Motion hearing is set for 10/5/2016. Let me know.

**Nicole Pierson**
**Paralegal**
**MAHONEY LAW GROUP, APC**
249 E. Ocean Boulevard, Suite 814
Long Beach, CA 90802
Phone: 562.590.5550 | Fax: 562.590-8400
Email: npierson@mahoney-law.net | Website: www.mahoney-law.net

 Please consider the environment before printing this e-mail

**THIS IS A PRIVILEGED AND CONFIDENTIAL COMMUNICATION.**
This message (including any attachments) may contain confidential or otherwise privileged information and is intended only for the individual(s) to which it is addressed. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secured or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message or that arise as a result of e-mail transmission. If verification is required please request a hard-copy version from the sender.

**NOTICE:** Any tax advice contained in the body of this e-mail was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

# EXHIBIT C

**Nicole Pierson**

| | |
|---|---|
| **From:** | Brian Fong <BFong@sheppardmullin.com> |
| **Sent:** | Wednesday, September 14, 2016 6:09 PM |
| **To:** | Kevin Mahoney |
| **Cc:** | Nicole Pierson; Na'Shaun Neal; Adam Rosenthal |
| **Subject:** | Mackall v. HealthSource Global Staffing |

Kevin,

We are unavailable on September 28.  As discussed, given the upcoming Jewish holidays, we ask that Plaintiff reconsiders our scheduling proposal, and agree to a stipulation as follows:

1. Continue the hearing on our pending Motion to Compel Arbitration by two weeks to October 19, 2016.
2. Continue the CMC from October 25th to October 19th in order to save travel costs for all involved, and in light of the pending Motion to Compel Arbitration.
3. Postpone our initial Rule 26 conference until two weeks after the court issues its ruling on the Motion to Compel Arbitration, and have initial disclosures due 14 days thereafter.

In addition, we also ask that Plaintiff reconsiders our prior offer regarding supplemental briefing on *Morris v. Ernst and Young* in light of the recent Ninth Circuit decision on arbitration agreements in *Mohamed v. Uber*.  We believe both cases should be briefed to the Court and would like to propose the parties stipulate to supplemental briefing, no greater than 7 pages, on the applicability of both recent decisions to the instant case.  We propose that both briefs would be simultaneously due one week before the Hearing.

If Plaintiff will not agree to the proposed stipulation, or offer a reasonable alternative, we will have no choice but ask the Court for the requested relief.  Please do not hesitate to contact me.  I look forward to hearing back from you by COB tomorrow.

Regards,

Brian

**Brian Fong**
San Francisco | 415-774-2977
**SheppardMullin**

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT D

**Nicole Pierson**

**From:** Kevin Mahoney
**Sent:** Wednesday, September 14, 2016 6:31 PM
**To:** Brian Fong
**Cc:** Nicole Pierson; Na'Shaun Neal; Adam Rosenthal
**Subject:** RE: Mackall v. HealthSource Global Staffing

Brian,

Thanks for your email. See below my responses in red.

**From:** Brian Fong [mailto:BFong@sheppardmullin.com]
**Sent:** Wednesday, September 14, 2016 6:09 PM
**To:** Kevin Mahoney <kmahoney@mahoney-law.net>
**Cc:** Nicole Pierson <npierson@mahoney-law.net>; Na'Shaun Neal <nneal@mahoney-law.net>; Adam Rosenthal <ARosenthal@sheppardmullin.com>
**Subject:** Mackall v. HealthSource Global Staffing

Kevin,

We are unavailable on September 28. As discussed, given the upcoming Jewish holidays (I understand as my wife is Jewish as well, but unless he is reform most people take off Monday and Tuesday) , we ask that Plaintiff reconsiders our scheduling proposal (I find it unfortunate that this is now with such urgency considering you have known about the hearing date for at least two months, and in fact during our hearing the date of this hearing was brought to the attention of the Court, at which time you nor Mr. Rosenthal objected, in fact, if memory serves me correctly, when the Court told us to simply appear at the hearing you both said ok. Finally, when we were outside discussing the case moving forward, once again, you never raised an issue), and agree to a stipulation as follows:

1. Continue the hearing on our pending Motion to Compel Arbitration by two weeks to October 19, 2016. I cannot accommodate this request, I have several things on calendar, including the fact that I will be preparing for a trial that is slated to start on November 14, 2016 which should go forward as the trial has been continued twice to that point.)
2. Continue the CMC from October 25th to October 19th in order to save travel costs for all involved, and in light of the pending Motion to Compel Arbitration (Same issue, we have proposed having the hearing moved up to late September and it is my understanding that the Court can have the hearings earlier. The fact is you have rejected our proposal to have the hearing earlier) .
3. Postpone our initial Rule 26 conference until two weeks after the court issues its ruling on the Motion to Compel Arbitration, and have initial disclosures due 14 days thereafter (This assumes you are successful, however, this is totally unnecessary and seems like simply delaying for the sake of delaying).

In addition, we also ask that Plaintiff reconsiders our prior offer regarding supplemental briefing on *Morris v. Ernst and Young* in light of the recent Ninth Circuit decision on arbitration agreements in *Mohamed v. Uber*. (We will not reconsider briefing on the issue as it is unnecessary as previously discussed.) We believe both cases should be briefed to the Court and would like to propose the parties stipulate to supplemental briefing, no greater than 7 pages, on the applicability of both recent decisions to the instant case. We propose that both briefs would be simultaneously due one week before the Hearing. (decline)

If Plaintiff will not agree to the proposed stipulation, or offer a reasonable alternative, we will have no choice but ask the Court for the requested relief. (You are welcomed to seek whatever relief you deems necessary, however, after the

hearing which was only a couple weeks ago, you never raised these issues, whether it was moving the hearing and/or Morris v Ernst and Young, which I specifically informed you Plaintiff would be relying on. Be advised that we will oppose any such relief and in so doing are not waiving any rights/remedies we may have with respect to such an opposition) Please do not hesitate to contact me.   I look forward to hearing back from you by COB tomorrow (I think this issue has been discussed in detail). I will be in and out of the office on hearings/depositions tomorrow as well as Friday and Monday and Tuesday of next week, then I will be out for a seminar possibly Thursday and Friday. I will however, try to respond to emails when I can. You can also contact Mr. Neal of our office as you have been meeting and conferring with him thus far on these issues.

Regards,

Brian

**Brian Fong**
San Francisco | 415-774-2977
**Sheppard**Mullin

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT E

**Nicole Pierson**

| | |
|---|---|
| **From:** | Brian Fong <BFong@sheppardmullin.com> |
| **Sent:** | Thursday, September 15, 2016 3:25 PM |
| **To:** | Kevin Mahoney |
| **Cc:** | Nicole Pierson; Na'Shaun Neal; Adam Rosenthal |
| **Subject:** | RE: Mackall v. HealthSource Global Staffing |

Kevin,

We are attempting to meet and confer with you regarding scheduling because we have identified case management issue that the parties should work cooperatively on. I see no need to get into a back and forth with you about the contents of our conversation after the hearing earlier this month. We proposed a stipulation to brief *Morris* then, immediately afterwards, and again just now. Now that *Mohamed v. Uber* came down, as we've previously stated, we believe the Court should be advised about both cases' relevance.

While the upcoming Jewish holidays do fall on Monday and Tuesday, Mr. Rosenthal does no work during them, and thus preparing to attend and traveling to a hearing the next day is would be overly burdensome.

If you are not amenable to our briefing and scheduling proposal, that is fine. Likewise, if you do not want to offer any alternatives, that is also well within your right. We will ask the Court to entertain our scheduling and briefing requests.

Regards,

Brian

**Brian Fong**
San Francisco | 415-774-2977
**SheppardMullin**

# EXHIBIT F

**Nicole Pierson**

| | |
|---|---|
| **From:** | Kevin Mahoney |
| **Sent:** | Thursday, September 15, 2016 3:39 PM |
| **To:** | Brian Fong |
| **Cc:** | Adam Rosenthal; Nicole Pierson; Na'Shaun Neal |
| **Subject:** | Re: Mackall v. HealthSource Global Staffing |

Brian,

I am out of the office and have responded in detail. You have at least 5 lawyers on this case, and so to simply state that one lawyer is unavailable seems disingenuous.

As stated in my email, my family also observes the holidays and so my proposal to hold the hearing earlier makes sense.

The fact that you don't see a "need to get in to the back and forth about the contents of our conversation" proves my point. You have never raised the law issues and simply because you find the case law a problem, you now want to manufacture issues with the hearing date, a date that you have been aware of for months, a date you never objected to, a date that you probably picked, a date you could have easily objected to at the hearing, but somehow, I am being unreasonable.

As for any cases that have come down, you are free to let the Court know about the case, however, we both know they are distinguishable fron Ernst Young.

The fact that Mr. Rosenthaul doesn't not want to travel the day after the high holy days is not good case. Furthermore, I find it interesting that these statements are not coming from Mr. Rosenthaul himself.

That all being said, we will oppose any such motion and will certainly seek any relief we deem necessary as a result of what is clearly an attempt to delay this case.

I find it unfortunate that you have chosen to try to manufacture an issue and then send an email that clearly does not accurately reflect the history of this case much less our interactions to date.

Lastly, Mr. Neal of my office has tried to meet and confer with you on the initial disclosure, though it appears you are refusing to do the same.


KM

Sent from my BlackBerry Smartphone on the Verizon 4G LTE Network

**EXHIBIT G**

**Nicole Pierson**

| | |
|---|---|
| **From:** | Brian Fong <BFong@sheppardmullin.com> |
| **Sent:** | Thursday, September 15, 2016 4:48 PM |
| **To:** | Kevin Mahoney |
| **Cc:** | Adam Rosenthal; Nicole Pierson; Na'Shaun Neal |
| **Subject:** | RE: Mackall v. HealthSource Global Staffing |

Kevin,

I find your *ad hominin* attacks against me and my colleague to be especially unprofessional and most unhelpful. We simply requested that (1) the Hearing be moved two weeks to accommodate Mr. Rosenthal's schedule, a reasonable request that we would have happily granted had it come from Plaintiff; and (2) that we provide the Court with our respective positions regarding recent 9th Circuit case law.

Addressing several of the points raised in your last e-mail:

1. We discussed the application of *Morris v. Ernst & Young* <u>after</u> the remand hearing and specifically proposed to brief the case then. Furthermore, the 9th Circuit issued *Mohamed v. Uber*, on September 7th.

2. Defendants hardly believe that *Morris* and/or *Mohamed* are "a problem." In fact, it is our position that both cases, along with controlling Supreme Court precedent, require that Plaintiffs' individual claims be compelled to binding arbitration, and that her/their PAGA claims be stayed pending the outcome of said arbitrations. We do believe that the Court will benefit from having both sides (or if you choose not to, just Defendant) provide our analysis of *Morris* and *Mohamed*.

3. We are not attempting to delay this case nor are we accusing you of unreasonable behavior. We are simply trying to discuss a case management protocol. A continuance of the motion to compel hearing by two weeks, and an advancement of the CMC one week, is hardly substantial. Furthermore, asking to further brief the case ahead of the hearing has nothing to do with the scheduling of the hearing.

4. The Court set the date on the hearing after Judge Orrick was assigned the case, not Defendants (*See,* Dckt. 12).

At this juncture it appears that the best course of action is for Defendants to ask the Court for the requested relief. Please let me know if you would like to arrange a conference call to discuss further.

In light of Mr. Neal's subsequent phone call to me, it appears your office is now in agreement that our deadline to hold the initial Rule 26(f) conference is October 4. Please also advise of your availability, in light of Local Rule 16-3, which requires lead trial counsel to conduct the Rule 26(f) conference.

Regards,

Brian

Brian S. Fong
415.774.2977 | direct
415.403.6083 | direct fax
BFong@sheppardmullin.com | Bio

**EXHIBIT H**

**Nicole Pierson**

| | |
|---|---|
| **From:** | Kevin Mahoney |
| **Sent:** | Thursday, September 15, 2016 6:32 PM |
| **To:** | Brian Fong |
| **Cc:** | Adam Rosenthal; Nicole Pierson; Na'Shaun Neal |
| **Subject:** | Re: Mackall v. HealthSource Global Staffing |

Brian,

This is truly unfortunate that you are now characterizing my response as an attack. In fact I have simply documented the communications thus far, a fact you do not dispute, though you characterize it as an attack.

As stated in my previous email, my wife is Jewish and we are raising my kids under the Jewish faith and the high holy days  (which as a family we observe) will have passed, a fact that you do not deny. The only gripe is that it is the day after and basically your partner should not "have" to travel, though I will. Your statement that it is burdensome to travel the day after seems a stretch, considering I will have to do the same.

There is no need to brief the issue as the law is the law, so simply because you want to brief the issue is not a requirement. A conference to discuss the same is unecessary as we have discussed this same issue ad nauseum. Obviously we will oppose any such request. Once again, you never raised an issue at the hearing or during my conversations outside the court after the hearing so, I am insure why all of a sudden this is so critical.

I will be in the office tomorrow to discuss engage in our Rule 26(f) conference. Let me know if that works as I am available after 12p.m.

KM

Sent from my BlackBerry Smartphone on the Verizon 4G LTE Network