UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MACKALL,<br><br>    Plaintiff,<br><br>    v.<br><br>HEALTHSOURCE GLOBAL STAFFING, INC.,<br><br>    Defendant. | Case No. 16-cv-03810-WHO<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 8 |

**INTRODUCTION**

Plaintiff Karen Mackall brings claims individually and on behalf of a class of employees of HealthSource Global Staffing, Inc. ("HSGI"), alleging that HSGI failed to provide their employees with meal breaks, rest periods, overtimes wages, and other protections as required under California law. HSGI moves to compel individual arbitration, arguing Mackall is bound by the arbitration agreement she completed when she filled out HSGI's online job application. HSGI also moves to stay Mackall's California Private Attorneys General Act ("PAGA") claim, which is not subject to arbitration. In opposition to the motion to compel, Mackall argues that the arbitration agreement is unconscionable and not enforceable because: (i) it is procedurally unconscionable as a contract of adhesion and (ii) is substantively unconscionable as it does not impose a mutual obligation to arbitrate, does not provide for a written award, and contains a class waiver invalid under the National Labor Relations Act ("NLRA"). Mackall further alleges that her injunctive relief claim is not arbitrable and the agreement is not enforceable against recently added co-defendant HealthSource Global ("HG").

I conclude the class waiver is invalid under the NLRA and *Morris v. Ernst & Young*, __ F.3d __, 2016 WL 4433080 (9th. Cir. Aug. 22, 2016). As the parties did not contract to pursue

class claims in arbitration, the arbitration agreement is unenforceable under the Federal Arbitration Act. *Stolt-Nielsen S.A. v. Animal Feeds Int'l. Corp.*, 559 U.S. 662, 684 (2010). Accordingly, HSGI's motion to compel arbitration is DENIED and HSGI's motion to stay the PAGA claim is rendered MOOT.

## BACKGROUND

Karen Mackall filed this class action in Alameda Superior Court on behalf of a class of all non-exempt employees who are currently employed or formerly employed by HealthSource Global Staffing, Inc. (HSGI) and Healthsource Global (HG, collectively HSGI). First Amended Complaint ("FAC") ¶ 1 (Dkt. No. 1-7). HSGI hires registered nurses from all over the United States for temporary positions in hospitals during labor disputes. Declaration of Lance Fanger in Opposition to Motion to Remand ¶ 4 (Dkt. No. 1-2). Mackall and putative class members she seeks to represent were employed by HSGI as non-exempt hourly registered nurses at various times in the County of Los Angeles during the last four years. FAC ¶ 7. She alleges causes of action against HSGI under (1) the California Labor Code, (2) California Business and Professions Code § 17200, (3) the Fair Labor Standards Act, and (4) the California PAGA. FAC ¶ 1.

To be eligible for an assignment with HSGI, a nurse applicant creates a HSGI portal using a unique username and password. Declaration of Lance Fanger in Support of Motion to Compel Arbitration ("Fanger Decl.") ¶ 5 (Dkt. No. 8-2). The nurse will then enter his or her personal email address, phone number, name, licensure, certifications, skills, experience, qualifications, and availability. *Id.* at ¶¶ 7, 9. When potential strike assignments arise, a nurse applicant may nominate himself or herself. *Id.* at ¶ 9. The nurse applicants will then be prompted to complete their profile, including human resource forms, acknowledgments confirming receipt of policies and procedures, receipt of health insurance information, and consent for background checks. *Id.* at ¶¶ 11-13. Applicants also agree to an arbitration agreement which provides:

> **Arbitration Agreement – Mandatory Forum Selection**
>
> This ARBITRATION AGREEMENT ("Agreement") is made between you ("Employee") and HealthSource Global Staffing, Inc., a California Corporation ("HealthSource") (together the "Parties") as of the date you sign this document.

2

> …
> 2. The Parties agree that any dispute arising out of, in connection with, or relating to your employment agreement with HealthSource, your employment with HealthSource, and any and all previous employment relationships with HealthSource, including with respect to the termination of such employment or other and any dispute as to the validity, interpretation, construction, application or enforcement of any provision of the operative employment agreement, shall be submitted to binding arbitration before a neural arbitrator. Except as otherwise required under applicable law, (1) The Parties expressly intend and agree that class action and representative action procedures shall not be asserted, nor will they apply, in any arbitration pursuant to your employment, your employment agreement, or this Agreement; (2) The Parties agree that each will not assert class action or representative action claims against the other in arbitration or otherwise; and (3) each of the Parties shall only submit their own, individual claims in arbitration and will not seek to represent the interests of any other person. Discovery shall be conducted in accordance with the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures. The arbitrator may provide a written award subject to judicial review. Costs unique to arbitration, such as the arbitrator's fee, will be paid by HealthSource.

Fanger Decl. Ex. F.[1]

Mackall was employed on two separate assignments to work as a registered nurse in Los Angeles area hospitals. Fanger Decl. ¶ 20. Mackall went through the nomination process twice and signed the arbitration agreement on January 30, 2016 and March 12, 2016. *Id.* at ¶ 21-22. Once the arbitration agreement was digitally signed, neither Mackall nor HSGI could alter the agreement. *Id.* at ¶ 23.

On July 14, 2016, HSGI moved to compel arbitration of Mackall's individual claims and stay Mackall's PAGA claim. Motion to Compel Arbitration ("Mot.") at 1 (Dkt. No. 8). I heard argument on October 26, 2016.

## LEGAL STANDARD

### I. MOTION TO COMPEL ARBITRATION

The Federal Arbitration Act ("FAA") governs the motion to compel arbitration. 9 U.S.C. §§ 1 et seq. Under the FAA, a district court determines (1) whether a valid agreement to arbitrate

---

[1] The arbitration agreement is presented as a "standalone screen" titled "Arbitration Agreement." *Id.* ¶ 13. To "electronically sign" the Agreement, the applicant must check the check box acknowledging "I have read, understand and accept the terms of the Arbitration Agreement document" and click the "Accept" button. *Id.*

3

1 exists and, if it does, (2) whether the agreement encompasses the dispute at issue.  *Lifescan, Inc. v.*
2 *Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).  "To evaluate the validity of
3 an arbitration agreement, federal courts should apply ordinary state-law principles that govern the
4 formation of contracts."  *Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1170 (9th Cir. 2003)
5 (internal quotation marks and citation omitted).  If the court is satisfied "that the making of the
6 arbitration agreement or the failure to comply with the agreement is not in issue, the court shall
7 make an order directing the parties to proceed to arbitration in accordance with the terms of the
8 agreement."  9 U.S.C. § 4.  "Any doubts concerning the scope of arbitrable issues should be
9 resolved in favor of arbitration." *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 721 (9th Cir. 1999).

## II.     MOTION TO STAY

"Under § 3 of the FAA, if any suit or proceeding is brought in a court of the Unites States upon any issue that is referable to arbitration under such an agreement, the court "shall…stay the trial of the action."  9 U.S.C. § 3; *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 131 (2011).  Where plaintiffs assert both arbitrable and nonarbitrable claims, district courts have "discretion whether to proceed with the nonarbitrable claims before or after the arbitration and [have] ... authority to stay proceedings in the interest of saving time and effort for itself and litigants."  *Nitsch v. DreamWorks Animation SKG Inc.*, 100 F. Supp. 3d 851, 870 (N.D. Cal. 2015) (internal quotation marks and citations omitted); *see also Leyva v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863–64 (9th Cir. 1979).  A stay is not a matter of right, even if irreparable injury might otherwise result[, but] is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case."  *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (internal quotation marks and citations omitted).

## DISCUSSION

### I.     MOTION TO COMPEL

#### A. Class Waiver

Mackall asserts that the class action waiver in the arbitration agreement is unenforceable because (i) it is procedurally unconscionable as a contract of adhesion in a take it or leave it employment application and (ii) it is substantively unconscionable because it is non-mutual, it

fails to require the arbitrator to issue a written opinion, and it fails to provide a right to a collective action. I agree that the agreement is procedurally unconscionable as a contract of adhesion and substantively unconscionable because its contains a class action waiver that is unenforceable under the National Labor Relations Act ("NLRA") and the Ninth Circuit's recent decision in *Morris v. Ernst & Young*, --- F.3d ----, 2016 WL 4433080 (9th. Cir. Aug. 22, 2016). Mot. 15; Dkt. No. 24.

In *Morris*, Ernst & Young moved to compel arbitration of plaintiffs' Fair Labor Standards Act misclassification and wage and hour claims. *Morris*, 2016 WL 4433080, at *1. The plaintiffs signed agreements as a condition of employment that required employees to "(1) pursue legal claims against [defendant] exclusively through arbitration and (2) arbitrate only as individuals and in 'separate proceedings.'" *Id.* In opposition to the motion to compel, plaintiffs alleged the arbitration agreement's class waiver provision violated Section 7 of the NLRA, which grants the employees to right to "self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157.

The *Morris* court held that "a lawsuit filed in good faith by a group of employees to achieve more favorable terms or conditions of employment is 'concerted activity' under §7 of the [NLRA]." 2016 WL 4433080, at *3-4 (internal quotations omitted). The Ninth Circuit concluded that Ernst & Young interfered with its employees' substantive right to concerted activity under the NLRA by requiring employees, as a condition of employment, "to pursue work-related claims individually." *Id.* at *5.

Here, Mackall was similarly required to agree to the arbitration agreement in order to work for HSGI. Declaration of Karen Mackall in Support of Plaintiffs' Opposition to Defendants' Motion to Compel Arbitration ("Mackall Decl.") ¶ 3 (Dkt. No. 14-2). While completion of human resources forms, including the arbitration agreement, is not required in order to be considered for a nursing assignment, nurses either complete it online prior to or during the in-person application process. Fanger Decl. ¶ 14. Once a nurse is selected for an assignment, the nurse travels to the assignment location and fills out the remaining pre-hire paperwork in person. *Id.* at ¶ 17. While applicants have many opportunities to complete the required forms, the nurse applicant must

consent to the arbitration agreement as a step in that application process. As the arbitration agreement did not provide any opportunity for a prospective employee to opt-out of the agreement and was a condition of their employment, the *Morris* analysis applies to this case.

      HSGI argues that an arbitration agreement that is a prerequisite to employment is not automatically rendered unconscionable under California law. Reply 3. That may be so. However, pursuant to the Ninth Circuit's holding in *Morris*, an arbitration agreement is invalid under § 7 of the NLRA if employees cannot opt-out of it and it waives all ability to pursue employment-related claims collectively.

      At oral argument, HSGI contended that the impact of *Morris* is limited to employment agreements that require "separate proceedings." It asserted that because there is no "separate proceedings" language in HSGI's agreement and Mackall and Lacombe could theoretically pursue their individual arbitration claims together in one proceeding, the HSGI agreement does not prohibit all concerted activity in violation of the NLRA. That analysis ignores that both the majority and dissent in *Morris* refer to the "separate proceedings" clause at issue as a class action waiver, which is what is at issue here. *Morris v. Ernst & Young,* 2016 WL 4433080, at *2 fn.1 & *4 fn.3; *see also id*. at *11, 12 (dissent). The majority affirmed the NLRB's determination that any agreement that precludes employees from filing "joint, class, or collective claims" violates the NLRA. *Id*. at *2, *5.[2] And even if *Morris* could be so limited, and I am not finding it can, the HSGI agreement requires that parties to the agreement "shall submit their own, individual claims in arbitration, and will not seek to represent the interest of any other person." That provision arguably requires separate initiation of arbitration proceedings and does not expressly permit employees to join together to arbitrate their individual claims. Fanger Decl. Ex. F. HSGI's argument that its agreement preserves a limited right to concerted action is without support.

      Mackall was required to complete the arbitration provision as a condition of her

---

[2] As the *Morris* court noted, § 7 of the NRLA protects concerted action for the purpose of "collective bargaining or other mutual aid or protection." *Id*. at *3 (quoting 29 U.S.C. § 157). By the nature of the rules and statutes creating them, class and collective actions are appropriate only where they serve the "mutual aid" of the other class members. *See* Fed. Rule C. Proc. 23(a) & (b)(3); 29 U.S.C § 216(b) (allowing employees to initiate a collective action on behalf of "similarly situated" employees).

6

employment. HSGI's class waiver violates § 7 of the NLRA by interfering with her right to "engage in… concerted activities for the purpose of collective bargaining or other mutual aid or protection." *See* 29 U.S.C. § 157. HSGI's class waiver is unenforceable under *Morris*.

### B. Severability and Enforcement of Class Arbitration

The next issue to consider is whether the entire arbitration agreement is unenforceable, or whether the unlawful class waiver can be severed from the rest of the agreement. Under *Morris*, a district court must determine whether to sever an invalid class waiver prior to enforcing an arbitration agreement. 2016 WL 4433080, at *11. "It is well established that a federal court has a duty to determine whether a contract violates the law before enforcing it." *Id.* (remanding to the district court "to determine whether the 'separate proceedings' clause is severable from the contract"). However, even if the class action waiver in the arbitration agreement Mackall signed is severable (and the agreement could be enforced against Mackall because it is not otherwise substantively unconscionable), [3] another problem arises.

Under the Supreme Court's holding in *Stolt-Nielsen S.A. v. Animal Feeds Int'l. Corp.*, a court cannot compel arbitration of class claims where the parties did not contract to submit to class-wide arbitration. 559 U.S. 662, 684 (2010). "[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Id.* In *Stolt-Nielsen*, the Court considered whether there was a contractual basis to compel arbitration of class claims where the arbitration agreement was silent on class and collective actions. *Id.* at 685. The Court determined that where the agreement was silent and the parties stipulated they had "no agreement" on the issue, an arbitrator could not conclude that the parties had "*agreed to authorize* class arbitration" and compel arbitration of class claims. *Id.* at 687.

Here, there is no contractual basis to conclude that HSGI and its employees "agreed to authorize class arbitration" because the arbitration agreement specifically waived that right.

---

[3] Mackall argues that the arbitration agreement is substantively unconscionable because it is not mutual. I disagree. *See Baltazar v. Forever 21, Inc*., 62 Cal. 4th 1237, 1249 (2016). Mackall also argues that the agreement is unconscionable under *Armendariz v. Found. Health Psychcare Servs., Inc*., 24 Cal. 4th 83, 107 (2000) because it only permits but does not require the arbitrator to issue a written decision. However, the agreement could be conformed to require a written decision.

7

Unlike in *Stolt-Nielsen*, the arbitration agreement is not silent on class claims and instead explicitly aims to prevent them. Although I have concluded that this provision is unenforceable under *Morris*, the waiver provision unambiguously precludes a finding that the parties intended to agree to arbitration of class claims. The express language of the agreement indicates that they intended the opposite. Because the parties did not agree to arbitrate class claims, they "cannot be compelled under the FAA to submit to class arbitration." *Id.* at 684.

Because the parties cannot be compelled to submit to class arbitration (if the class waiver is severed) and because enforcing HSGI's arbitration agreement with the class wavier runs afoul of *Morris*, the entire arbitration agreement is unenforceable. Therefore, HSGI's motion to compel arbitration is DENIED.[4]

## II. MOTION TO STAY PAGA CLAIM

As I cannot compel arbitration of Mackall's class claims as discussed above, HSGI'S motion to stay the PAGA claim is rendered MOOT.

## CONCLUSION

Pursuant to the NLRA and the Ninth Circuit's decision in *Morris*, the class waiver in HSGI's arbitration agreement is unenforceable. As I cannot compel class-wide arbitration when the parties have not contracted to or shown an agreement to do so, Mackall's class claims may not proceed in arbitration, and the arbitration agreement itself is unenforceable. HSGI's motion to compel arbitration is DENIED and its motion to stay the PAGA claim is DENIED as MOOT.

**IT IS SO ORDERED**.

Dated: November 1, 2016



WILLIAM H. ORRICK
United States District Judge

---

[4] I need not reach plaintiffs' other arguments opposing arbitration, including that plaintiffs did not sign the arbitration agreements with the other "defendant" HG. However, I note that admissible evidence shows that HG is not a separate entity from HSGI, but simply an "otherwise known as" name used on paychecks. Fanger Reply Decl. (Dkt. No. 17-1) ¶¶ 3-6. Plaintiffs' objections to this evidence in the Fanger Reply Declaration are OVERRULED. Dkt. No. 19.