Kevin Mahoney (SBN 235367)
kmahoney@mahoney-law.net
Na'Shaun L. Neal (SBN 284280)
nneal@mahoney-law.net
Treana Allen (SBN 302922)
tallen@mahoney-law.net
Alina B. Mazeika (SBN: 303840)
amazeika@mahoney-law.net
MAHONEY LAW GROUP, APC
249 East Ocean Boulevard, Suite 814
Long Beach, California 90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorneys for Plaintiffs KAREN MACKALL and SHALIZA LACOMBE, individually and on behalf of all other California citizens similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MACKALL individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHSOURCE GLOBAL STAFFING, INC., a California corporation, and DOES 1-50 inclusive,<br><br>Defendants. | Case No.: 3:16-cv-03810-WHO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT HEALTHSOURCE GLOBAL STAFFING, INC.'S MOTION TO STAY THE CASE PENDING APPEAL**<br><br>Judge: Hon. William H. Orrick<br>Date: December 21, 2016<br>Time: 2:00 p.m.<br>Dept. Courtroom 2 – 17th Floor<br><br>Complaint filed: May 23, 2016 |

---

1

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING APPEAL

# TABLE OF CONTENTS

II. INTRODUCTION ............................................................................................................. 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........................................... 2

III. LEGAL STANDARD ..................................................................................................... 4

IV. ARGUMENT ................................................................................................................. 5

    A. HSGI's Appeal Does Not Raise Any Serious Legal Questions Or Show A Substantial Case On The Merits ........................................................................................................ 5

        a. The Application of Morris to HSGI's Arbitration Agreement Does Not Rise to the Level of a Substantial Case for Relief on the Merits ................................................ 6

        b. This Case Should Not Be Stayed Pending a United States Supreme Court Decision on Morris……………………………………………………………………….…. 9

    B. HSGI Will Not Suffer Irreparable Injury Absent a Stay ............................................... 10

    C. The Balance of Hardships Does Not Tilt Sharply in Defendant's Favor Because the Issuance of the Stay Will Substantially Injure Plaintiffs ....................................... 13

    D. The Public Interest Favors Denying the Stay ................................................................ 14

V. CONCLUSION ............................................................................................................... 15

# **TABLE OF AUTHORITIES**

Federal Cases

*Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419 (9th Cir. 1984) ........................................ 14, 15, 16

*American Express Co. v. Italian Colors Rest.*, 133 S.Ct. 2304 (2013) ................................................ 12

*Andreiu v. Ashcroft*, 253 F.3d 477 (9th Cir. 2001) ............................................................................... 5

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) ............................................................... 4, 11

*Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990) ........................................................ 5

*Broadberry v. T-Mobile USA, Inc.*, No. CV 06-6567 CW, 2007 WL 2221076 (N.D. Cal. August 2, 2007) ................................................................................................................................. 16

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) ............................................................................................................ 12, 13

*Eastex, Inc. v. NLRB*, 437 U.S. 556 (1978) ........................................................................................ 19

*Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221 (N.D.Cal. June 8, 2011) ...................................................................................................................... 7, 15, 16, 17

*Hilton v. Braunskill*, 481 U.S. 770 (1987) ........................................................................................... 5

*Jacob Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016) .................................................... 13

*Jimenez*, 2015 WL 5591722 ............................................................................................................... 19

*Jones v. Deutsche Bank AG*, No. C 04-05357 JW, 2007 WL 1456041, (N.D. Cal. May 17, 2007) .... 15

*Kalani v. Starbucks Corp.*, No. 13-CV-00734-LHK, 2016 WL 693251 (N.D.Cal. Feb. 22, 2016) ........ 7

*Karimy v. Associated Gen. Contractors of Am.*, Civ. No. 08–CV–297–L(CAB), 2009 WL 3698397 (S.D. Cal. November 5, 2009) ................................................................................................ 15

*Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011) ........................................................... 5, 6, 14, 18

*Lowden v. T-Mobile USA, Inc.*, No. C05-1482P, 2006 WL 1896678 (W.D. Wash. July 10, 2006) ..... 15

*McArdle v. AT & T Mobility LLS, No. 09-CV-1117 CW*, 2010 WL 2867305 (N.D.Cal. Apr. 17, 2008) ................................................................................................................................................ 11

*Mohamed v. Uber Technologies*, 115 F.Supp.3d 1024 (N.D.Cal. 2015) ............................................. 18

*Mohamed v. Uber Technologies, Inc.*, 836 F.3d 1102 (9th Cir. 2016) .............................................. 9, 12

*Morris v. Ernst & Young*, [834 F.3d 975], 2016 WL 4433080 (9th. Cir. Aug. 22, 2016). 3, 4, 7, 8, 9, 16

*Morse v. Servicemaster Global Holdings, Inc.*, 2013 WL 123610 (N.D. Cal. January 8, 2013) ... 15, 16, 17, 18

*Murphy Oil USA v. National Labor Relations Board*, 808 F.3d 1013 (5th Cir. 2016), infra .......... 12, 13

*Nat'l Licorice Co. v. NLRB*, 309 U.S. 350(1940) ....................................................................... 8, 9

*Nken v. Holder*, 556 U.S. 418 (2009) ................................................................... 5, 10, 14, 17

*Pokorny v. Quixtar Inc.*, No. 07-CV-00201 SC, 2008 WL 1787111 (N.D. Cal. Apr. 17, 2008) .... 11, 15

*R & L Ltd. Invs. Inc. v. Cabot Inv. Props., LLC*, No. CV 09-1525-PHX-MHM, 2010 WL 3789401 (D.Ariz. Sept. 21, 2010) ................................................................................................ 17

*Stern v. Cingular Wireless Corp.*, 2006 WL 2790243 (C.D. Cal. Sept. 11, 2006) ............................... 15

*Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 130 S.Ct. 1758 (2010) ................................................. 11

*Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) .............. 14

State Cases

*Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348 (Cal. 2014) ............................................. 10

*Sav-on Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319 (Cal. 2004) ............................................ 15

*Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191 (Cal. 2011) ....................................................................... 15

Federal Statutes

29 U.S.C. § 157 .................................................................................................................................. 19

9 U.S.C. § 3 .......................................................................................................................................... 4

State Statutes

Labor Code section 1194 ................................................................................................................... 19

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pending before this Court is Defendant HEALTHSOURCE GLOBAL STAFFING INC.'S ("HSGI" or "Defendant") Motion to Stay the Case Pending Appeal. (Def.'s Mot. to Stay Case, ECF No. 44) Plaintiffs KAREN MACKALL and SHALIZA LACOMBE ("Plaintiffs") request that this Court deny HSGI's request to stay all proceedings in the District Court pending the outcome of the appeal of this Court's November 1, 2016, Order Denying HSGI's Motion to Compel Arbitration. An order denying a motion to compel arbitration is immediately appealable. However, a stay is not automatic upon appeal, and the District Court reserves the power to deny a stay. To determine whether to issue or deny a stay, the District Court examines four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits in the appeal; (2); whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

To analyze these four (4) factors, the Ninth Circuit has adopted a sliding scale, or a "continuum" of interrelated tests. Thus, in the Ninth Circuit, a petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor. The burden lies on the movant to prove these elements. Because all four questions must be answered in the negative, as set forth below, Plaintiffs respectfully request that the Court deny Defendant's request.

First, HSGI's appeal does not raise any serious legal questions or show a substantial case on the merits. Defendant claims that their appeal raises two substantial questions: (1) whether *Morris v. Ernst & Young*, 834 F.3d (9th. Cir. 2016) was misapplied in the District Court's Order, and (2) whether *Morris* was decided correctly in the first place. First, *Morris* was properly applied in the District Court's Order. Second, *Morris* was decided correctly, and a stay should not be granted pending a speculative United States Supreme Court decision when a petition for writ of certiorari has not even been granted.

Second, despite their claims, HSGI will not suffer irreparable injury if a stay is denied. To begin, many courts in the Ninth Circuit have concluded that incurring litigation expenses such as those for

discovery and motions do not amount to an irreparable harm. In addition, courts disagree with Defendant's contention that the increased burden of discovery in civil litigation, as opposed to arbitration, is sufficient to show irreparable harm, because Defendant will inevitably need to conduct discovery, regardless of whether it is in civil litigation or arbitration. This is especially true, when Plaintiff's state law Private Attorney General Act ("PAGA") claim is not subject to arbitration.

Third, the balance of hardships if a stay is denied does not tilt sharply in favor of HSGI, because the issuance of a stay will substantially injure Plaintiffs. To begin, if the stay is granted on account of Defendant's appeal of this Court's denial of Defendant's motion to compel arbitration, the Plaintiffs will be harmed by losing out on important time conducting discovery. Second, if the stay is granted on account of the petitions for writ of certiorari filed with the United States Supreme Court, then Plaintiffs will need to wait even longer for their case to be heard, all for a speculation as to some decision that may or may not occur at the Supreme Court level.

Finally, the fourth factor courts consider in deciding whether to deny a stay, where the public interest lies, weighs in favor of the Court denying this motion. First, the Court must consider the substantive right of employees to act together. Second, California's interest in enforcing its wage and hour laws weighs in favor of denying the stay. Third, the interests of judicial efficiency and economy likewise weigh in Plaintiffs' favor.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's request to stay this case.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On May 23, 2016, Plaintiff filed a putative class action Complaint against HSGI in the Superior Court of the State of California, County of Alameda ("Complaint"). (ECF. No. 1, Ex. A.) Plaintiff filed her First Amended Complaint ("FAC") on June 20, 2016. (ECF. No. 1, Ex. D.) The FAC asserts various wage-and-hour claims on behalf of a putative class of similarly situated registered nurses employed by HSGI as non-exempt employees in California. On July 7, 2016, HSGI timely removed Plaintiff's lawsuit pursuant to the Class Action Fairness Act of 2005 ("CAFA"). (ECF. No. 1.)[1]

---

[1] The Court denied Plaintiffs' Motion to Remand on September 2, 2016. (ECF. No. 25.)

On July 14, 2016, HSGI moved to compel Plaintiffs to pursue their claims in individual binding arbitration and stay Plaintiff's PAGA claim pending the completion of the arbitration. (ECF. No. 8.) HSGI argued that Plaintiff entered into a written agreement (the "Arbitration Agreement") to arbitrate all claims arising out of her employment with HSGI, including their individual and class claims against HSGI for alleged violations of California's wage-and-hour laws. HSGI further argued the Arbitration Agreement specifically waive both parties' right to pursue any claims, in court or in arbitration, as a class action.

On July 28, 2016, Plaintiffs filed their Opposition to the Motion. (Pltfs. Opp to Mot. to Compel, ECF. No. 14.) In their Opposition, Plaintiff argued that the Arbitration Agreement was unenforceable because (1) HSGI was not a party to the Agreement (id., at 3:5-18); (2) the Agreement was procedurally unconscionable as a contract of adhesion (*id*., at 4:1-5:27); (3) the Agreement was substantively unconscionable because it lacked mutuality (*id*., at 6:1-17); (4) the Agreement failed to satisfy the requirement that the arbitrator issue a written award; and (5) that Plaintiff's PAGA and UCL claims were not arbitrable (*id*., at 7:4-8:3).

HSGI filed its Reply to Plaintiff's Opposition ("Reply") on August 4, 2016. (Def.'s Reply to Pltf's Opp. to Mot. to Compel, ECF. No. 17.)[2] The Court heard HSGI's Motion to Compel Arbitration on October 26, 2016, and on November 1, 2016, the Court issued its Order denying HSGI's Motion to Compel Arbitration ("November 1, 2016 Order"). [Nov. 1, 2016 Order, ECF. No. 41.] The Court found that the Arbitration Agreement was "procedurally unconscionable as a contract of adhesion and substantively unconscionable because its [sic] contains a class action waiver that is unenforceable under the National Labor Relations Act ("NLRA") and the Ninth Circuit's recent decision in *Morris v. Ernst & Young*, [834 F.3d 975], 2016 WL 4433080 (9th. Cir. Aug. 22, 2016)." (Nov. 1, 2016 Order, at 5:2-5.) The Court further found that, even if the Arbitration Agreement is not procedurally unconscionable, "pursuant to the Ninth Circuit's holding in *Morris*, an arbitration agreement is invalid under § 7 of the NLRA if employees cannot opt-out of it and it waives all ability to pursue employment-related claims

---

[2] Plaintiffs subsequently filed an Objection to HSGI's Reply, arguing that HSGI's reply arguments were improperly raised for the first time on reply. (ECF. No. Dckt 19.) HSGI responded to Plaintiff's Objection. (ECF No. 22.)

collectively." (*Id*., at 6:6-8.) Finally, the Court found that *Morris* is not limited to employment agreements that require "separate proceedings," and that even if it is, each Arbitration Agreement "arguably requires separate initiation of arbitration proceedings and does not expressly permit employees to join together to arbitrate their individual claims." (*Id*., at 6:21 -22.)

On November 10, 2016, HSGI asked Plaintiff to agree to stay this case pending the appeal. (Decl. of Brian S. Fong., ¶ 2, Exs. A & B, Attachment to Def.'s Mot. to Stay, ECF No. 44.) Plaintiff rejected HSGI's offer. (*Id.*) That same day, on November 10, 2016, HSGI filed its Notice of Appeal to the Ninth Circuit. (ECF No. 42.) On November 16, 2016, the Ninth Circuit issued a briefing schedule for the appeal. (ECF No. 43.) According to that schedule, HSGI's opening brief is due on February 21, 2017, and Plaintiff's answering brief is due on March 20, 2017. (*Id*.) On November 29, 2016, HSGI filed a Notice of Motion and Motion to Stay the Case Pending Appeal ("Motion"). (ECF No. 44.)

## III. <u>LEGAL STANDARD</u>

"Under § 3 of the [Federal Arbitration Act], if any suit or proceeding is brought in a court of the United States upon any issue that is referable to arbitration under such an agreement, the court 'shall . . . stay the trial of the action.'" (Nov. 1, 2016 Order, 4, ECF No. 41) (quoting 9 U.S.C. § 3; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011)). In the Ninth Circuit, however, a District Court retains the power to deny a stay, because a stay is not automatic with the filing of an appeal. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1411-12 (9th Cir. 1990). "A stay is not a matter of right, even if irreparable injury might otherwise result [, but] is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 434, 434 (2009).

To determine whether to issue or deny a stay, the District Court examines four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits in the appeal; (2); whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first two of the four factors are the most critical. *Nken v. Holder*, 556 U.S. at 434.

1       To analyze these four (4) factors, the Ninth Circuit has adopted a sliding scale, or a "continuum" of interrelated tests. *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011). Thus, in the Ninth Circuit, "a petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Id*. In addition, the Court must consider the particulars of each individual case, and may not "simply assume that '[o]rdinarily, the balance of hardships will weigh heavily in the applicant's favor.'" *Id*. (quoting *Andreiu v. Ashcroft*, 253 F.3d 477, 484 (9th Cir. 2001)) (alteration in original, emphasis added).

## IV. ARGUMENT

Examining the four-factor test below, and applying the Ninth Circuit's sliding scale, it is clear that all four (4) factors weigh in favor of denying the stay.

### A. HSGI's Appeal Does Not Raise Any Serious Legal Questions Or Show A Substantial Case On The Merits

To succeed on its motion, Defendant must show, in addition to related factors in the Ninth Circuit's "continuum" analysis, that either (a) they have a strong likelihood of success on the merits, or (b) that they have at least a substantial case on the merits and that the balance of hardships tips sharply in Defendant's favor. *Leiva-Perez*, 640 F.3d at 970. Defendant has done neither.

Although Defendant claims it has raised a substantial question because "District Courts in the Ninth Circuit routinely stay cases pending appeals of orders denying motions to compel arbitration," (Def.'s Mot. to Stay, , 6), Ninth Circuit case law is clear on the point that inquiries related to a motion to stay in connection with a pending appeal are to be analyzed on an individual basis. *Leiva-Perez*, 640 F.3d at 969 (finding that, even in cases in which the ultimate subject of appeal was removal of aliens, the Court should not decide issues on a motion to stay on any categorical basis).

To meet the element of likelihood of success, Defendant must "articulate the minimum quantum of likely success necessary to justify a stay . . ." *Leiva-Perez*, 640 F.3d at 967. Whether the Court uses "reasonable probability," "fair prospect," substantial case on the merits," or "serious legal questions," the Ninth Circuit has explained that "the idea is that in order to justify a stay, a petitioner must show, at

5

a minimum, that she has a substantial case for relief on the merits." *Id*. at 968. In applying this standard, many District Courts in the Ninth Circuit, including the Northern District in California, have found that there must be something unique about the case in order to justify the stay. *See Morse v. Servicemaster Global Holdings, Inc.,* Nos. C 10-00628, C 08-03894, C 09-04044, C 09-05152, C 09-05153 2013, WL 123610, at *3 (N.D.Cal. Jan. 8, 2013) ("Often a 'substantial case' is one that raises genuine matters of first impression within the Ninth Circuit. . . Other times, the issue on appeal may implicate a constitutional question, or otherwise address a pressing legal issue which urges that the Ninth Circuit hear the case."); *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *3 (N.D.Cal. June 8, 2011) ("For a legal question to be 'serious,' it must be a 'question [ ] going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation.'"); *Kalani v. Starbucks Corp.*, No. 13-CV-00734-LHK, 2016 WL 693251, at *3 (N.D.Cal. Feb. 22, 2016) (finding no substantial case for relief on the merits in part because the question had already been brought before the Ninth Circuit).

Defendant claims that this Court should stay this case because its appeal raises two substantial questions: (1) whether the prohibition of "concerted action waivers" in *Morris*, 834 F.3d 975 applies to the Arbitration Agreement in this case, and (2) whether *Morris* was correctly decided in the first place. This claim is wholly without merit.

First, appellate oversight of this Court's application of *Morris* to the issue of the motion to compel in this case is not enough to rise to the level of a "serious legal question" or to show a "substantial case on the merits." Second, any decision by the United States Supreme Court on *Morris*, if ever made, let alone in Defendant's favor, is not only speculative at this point, but would be too far into the future to warrant a stay in this case. Therefore, neither rise to the level of a "serious legal question" or a "substantial case on the merits" for purposes of this analysis.

### a. The Application of *Morris* to HSGI's Arbitration Agreement Does Not Rise to the Level of a Substantial Case for Relief on the Merits

In *Morris*, the Ninth Circuit found that "[c]oncerted activity—the right of employees to act *together*—is the essential, substantive right established by the [National Labor Relations Act] NLRA." *Morris*, 834 F.3d at 980. In that case, the Ninth Circuit analyzed a "'concerted action waiver' [which]

required employees to (1) pursue legal claims against Ernst & Young exclusively through arbitration and (2) arbitrate only as individuals and in 'separate proceedings.'" *Id*. at 979. An important aspect of *Morris* was the fact that employees in that case did not have an opportunity to opt-out of the arbitration agreement. *Id*. at 982 (citing *Nat'l Licorice Co. v. NLRB*, 309 U.S. 350(1940) "[A]n employer violates § 8 a second time by conditioning employment on signing a concerted action waiver."); *see also Morris*, 834 F.3d at n.4 ("In contrast, there was no § 8 violation in *Johnmohammadi v. Bloomingdale's, Inc.* because the employee there could have opted out of the individual dispute resolution agreement and chose not to.") Because the "concerted action waiver" interfered with the right of employees to take legal action together, *Morris* found that the waiver violated the NLRA and therefore could not be enforced. *Id*. at 980. As Defendant states in its motion to stay, *Morris* stands for the simple proposition that concerted action waivers are unenforceable because they interfere with a substantive right. *Id*.; see Def.'s Mot., 7, ECF No. 44.[3]

In this case, Defendant claims it has have presented a substantial question on appeal because the District Court allegedly misapplied *Morris* in denying Defendant's motion to compel arbitration. (Def.'s Mot., 7, ECF No. 44). Specifically, Defendant claims *Morris* was misapplied because HSGI's Arbitration Agreement supposedly permit HSGI's Employees to pursue concerted legal activity. *Id*. However, the Arbitration Agreement on its very face unambiguously evidences the very opposite of this claim.

The Arbitration Agreement in this case is similar, if not identical, to the concerted action waiver in *Morris*. Specifically, the HSGI Arbitration Agreement states, in relevant part:

> Except as otherwise required under applicable law, (1) The Parties expressly intend and agree that class action and representative action procedures shall not

---

[3]Defendant misrepresents the finding in *Mohamed v. Uber Technologies, Inc.*, 836 F.3d 1102, 1112, n.6 (9th Cir. 2016). Defendant claims that *Morris* is inconsistent with *Mohamed* because *Mohamed* found that the class action waiver was fully enforceable, however, the Ninth Circuit made no such finding. *Id*. Rather, the Court found that plaintiffs in *Mohamed* had waived their argument that the collective action waivers in the arbitration agreements may violate the NLRA because they made an untimely submission. *Id*. Furthermore, assuming the plaintiffs had raised a timely argument, the footnote goes on to highlight the importance of the plaintiffs' option to opt out of the arbitration agreement, which does not exist in this case. *Id*.

7
MEMORANDUM OF POINTS AND AUTHORITIES

> be asserted, nor will they apply, in any arbitration pursuant to your employment, your employment agreement, or this Agreement; *(2) The Parties agree that each will not assert class action or representative action claims against the other in arbitration or otherwise; and (3) each of the Parties shall only submit their own, individual claims in arbitration and will not seek to represent the interest of any other person.*

(emphasis added.). This agreement unambiguously states that HSGI's employees do not in fact have the ability to pursue any "concerted" legal activity in any forum. Moreover, like in *Morris*, the Arbitration Agreement in this case requires employees to (1) pursue legal claims against Defendant exclusively through arbitration, and (2) to arbitrate only as individuals and in "separate proceedings." The Arbitration Agreement makes no mention of any ability of Plaintiffs to act collectively in arbitration. Furthermore, like in *Morris*, as this Court has already highlighted, the employees in this case had no opportunity to opt-out of the Arbitration Agreement. (Nov. 1, 2016 Order, at 6, ECF No. 41). As a result, the Arbitration Agreement interferes with Plaintiffs' substantive right to collective action. Therefore, without any explanation as to how plain language stating that the employees do not have the ability to take concerted action somehow means that they in fact do have such ability, or how the District Court somehow misapplied *Morris*, Defendant fails to show even that the merits of the case are "better than negligible." *See Nken*, 129 S. Ct. at 1761 ("It is not enough that the chance of success on the merits be 'better than negligible.'") (overruling *Sofinet v. INS*, 188 F.3d 703 (7th Cir. 1999)).

In addition, Defendant's claim that the Arbitration Agreement somehow permits concerted action is subsumed by its argument under "irreparable harm," where it claims that if the Court denies a stay, Defendants will be irreparably harmed because they will be "forced to litigate the matter on a class-wide basis instead of the individual arbitrations contemplated by the Arbitration Agreements." (Def.'s Mot., 10, ECF No. 44). If Defendant is in any way harmed by the ability of Plaintiffs to litigate as a class, then such harm would rely on the position that the Arbitration Agreement did not permit Plaintiffs to litigate as a class. Conversely, if Defendant's allegation here is correct and the Arbitration Agreement somehow allow concerted action, then it negates Defendant's argument that it will be irreparably harmed by Plaintiffs' ability to move forward in concerted action. Defendant cannot have it both ways.

8

MEMORANDUM OF POINTS AND AUTHORITIES

1    Therefore, Defendant has failed to show a substantial case for relief on the merits.

**b. This Case Should Not Be Stayed Pending a United States Supreme Court Decision on *Morris***

Courts have held that widely conflicting rulings on a particular topic may implicate a "serious legal question" if they "demonstrate that the law is unsettled and guidance from the appellate court would be beneficial." *Pokorny v. Quixtar Inc.*, No. 07-CV-00201 SC, 2008 WL 1787111, *1 (N.D. Cal. Apr. 17, 2008). As it relates to writs of certiorari to the United States Supreme Court, courts in this district have found that a serious legal question was raised when the Supreme Court *granted* certiorari on the foundational legal issue. *McArdle v. AT & T Mobility LLS*, No. 09-CV-1117 CW, 2010 WL 2867305 (N.D.Cal. Apr. 17, 2008) (emphasis added). However, there has been no such rulings where a petition for writ of certiorari has merely been *filed*.

To begin, Defendant claims that *Morris* is in direct conflict with other cases on the matter. (Def.'s Mot, 9, ECF No. 44). However, all of the Supreme Court cases that Defendant cites analyzed the constitutionality of arbitration agreement class action waivers *generally* in contracts either between merchants or between merchants and customers, not in an employment context under the NLRA. *See AT&T Mobility v. Concepcion*, 131 S.Ct. 1740 (2011); *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 130 S.Ct. 1758 (2010); and *American Express Co. v. Italian Colors Rest.*, 133 S.Ct. 2304 (2013). Defendant further suggests that *Mohamed* conflicts with *Morris*, arguing they reveal a conflict over employment concerted action waivers within the Ninth Circuit. (Def.'s Mot., 9, ECF No. 44). However, Defendant fails to understand that *Mohamed* analyzed the issue of the conscionability of a *delegation clause* of an arbitration agreement, **not an arbitration agreement as a whole**. *Mohamed*, 836 F.3d at 1108-12 (emphasis added). In contrast, the Ninth Circuit in *Mohamed* expressly declined to review the question of the arbitration agreement's substantive conscionability. *See Mohamed*, 836 F.3d at 1112 ("[W]e need not reach the question whether the agreements here were substantively unconscionable."). Finally, to the extent that the California Supreme Court case that Defendant cites relates to concerted action waivers in an employment context, *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348 (Cal. 2014), makes the same mistake as *Murphy Oil USA v. National Labor Relations Board*, 808 F.3d 1013 (5th Cir. 2016), infra, by failing to use the requisite *Chevron, U.S.A., Inc. v. Natural Resources*

*Defense Council, Inc.*, 467 U.S. 837, 842-43 & n.9, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), two-step framework to analyze interpretations by the National Labor Review Board ("NLRB"). It thus analyzes a different question altogether. Therefore, these cases are not in conflict, and thus do not require guidance from a higher court.

Defendant further argues that the stay should be granted in this case because three (3) cases from three (3) different circuit courts have filed for petitions for writ of certiorari with the United States Supreme Court. Specifically, the defendant in *Morris* has filed a petition for writ of certiorari, United States Supreme Court Case No. 16-300, and because two (2) other cases, *Jacob Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016), Supreme Court Case No. 16-285, and *Murphy Oil USA*, 808 F.3d 1013, Supreme Court Case No. 16-307, have likewise filed petitions to the Supreme Court for cases involving motions to compel arbitration. However, despite Defendant's argument, a stay should nonetheless be denied in this case.

First, the mere fact that petitions for writ of certiorari have been filed does not mean that any or all of these writs are likely to be granted by the Supreme Court. Second, contrary to Defendant's position that *Morris* is in the minority, two (2) of the three (3) cases that have filed petitions for writ of certiorari with the United States Supreme Court, *Morris* and *Lewis*, align with the denial of the motion to compel arbitration in this case at the appellate level. Third, and most importantly, assuming that the Supreme Court even grants certiorari to all three (3) cases, it is most likely to reverse and remand *Murphy Oil USA* and not *Morris* or *Lewis* because, unlike the other two, *Murphy Oil USA* makes no mention of the important two-step framework instructed by the Supreme Court for review of the NLRB's interpretations of the NLRA in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 & n.9 (1984).

Therefore, the filing of a petition for writ of certiorari by the defendant in *Morris* does not constitute a substantial case on the merits, and does not warrant a stay.

**B. HSGI Will Not Suffer Irreparable Injury Absent a Stay**

Even assuming that Defendant raised a serious legal question or showed a substantial case on the merits, Defendant fails to meet its burden because it failed to make an adequate showing of irreparable harm. Regardless of which end of the Ninth Circuit "continuum" analysis is used, "if the

10

MEMORANDUM OF POINTS AND AUTHORITIES

petitioner has not made a certain threshold showing regarding irreparable harm . . . then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Leiva-Perez*, 640 F.3d at 965 (citing *Nken*, 129 S.Ct. at 1760-61). To show irreparable harm, the United States Supreme Court has found that a "'possibility' standard is too lenient." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 375, 172 L.Ed.2d 249 (2008). Thus, the Ninth Circuit has adopted a "probability" standard for this prong that must show that an irreparable injury is the more probable or likely outcome. *Leiva-Perez*, 640 F.3d at 968.

Defendant makes two (2) main arguments for the claim that it will suffer irreparable harm in the absence of a stay. First, Defendant claims that it "will be subject to increased costs in litigation, including the expense of full-blown, formal discovery, and the expense and delay involved in preparing for and bringing dispositive motions as well as a motion for class certification." (Def. Motion to Stay, 10). Second, Defendant claims that it "will be forced to litigate this matter on a class-wide basis instead of the individual arbitrations contemplated by the Arbitration Agreements." *Id*. Defendant cites *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419 (9th Cir. 1984) for the notion that the loss of arbitration advantages, namely speed and economy, is enough to constitute irreparable harm.[4]

However, *Alascom* is completely distinguishable from the instant case, and therefore does not apply to the "irreparable harm" analysis here. First, *Alascom* analyzed a case in which the District Court **compelled** arbitration, which is the opposite of what has occurred in this case. *See Alascom*, 727 F.2d 1419; *See also Morse v. Servicemaster Global Holdings, Inc.*, 2013 WL 123610 (N.D. Cal. January 8, 2013) (Distinguishing *Alascom*, thereby finding no irreparable harm); *Guifu Li v. A Perfect Franchise, Inc.*, 2011 WL 2293221 (N.D. Cal. June 8, 2011) (Distinguishing *Alascom*, thereby finding no irreparable harm). Thus, unlike in *Alascom*, a denial of stay will not take away any legal right from

---

[4] In addition, all of Defendant's District Court cases cited for support of their "irreparable harm" position likewise either cite *Alascom* or otherwise rely upon *Alascom* to find that the movant would be irreparably harmed in the respective case. *See, e.g., Karimy v. Associated Gen. Contractors of Am.*, Civ. No. 08–CV–297–L(CAB), 2009 WL 3698397 (S.D. Cal. November 5, 2009); *Pokorny v. Quixtar Inc.*, No. 07-00201SC, 2008 WL 1787111 (N.D. Cal. Apr. 17, 2008); *Jones v. Deutsche Bank AG*, No. C 04-05357 JW, 2007 WL 1456041, (N.D. Cal. May 17, 2007); *Stern v. Cingular Wireless Corp.*, 2006 WL 2790243 (C.D. Cal. Sept. 11, 2006); *Lowden v. T-Mobile USA, Inc.*, No. C05-1482P, 2006 WL 1896678 (W.D. Wash. July 10, 2006).

Defendant. Second, *Alascom* merely addressed the general question whether an order staying arbitration could be appealed, and **did not consider a court's actual decision to grant or deny a stay pending appeal**. *See Morse*, 2013 WL 123610. Therefore, by relying on *Alascom* for the position that its anticipated increased expenses in litigation in a civil case constitute irreparable harm to Defendant, Defendant's misreading of *Alascom* dooms its argument.

Furthermore, "nothing in the Supreme Court's recent arbitration case law suggests that a party may simply incant the acronym "FAA" and receive protection for illegal contract terms anytime the party suggests it will enjoy arbitration less without those illegal terms." *Morris*, 834 F.3d at 989. Conversely, an extensive body of case law, especially in federal district courts in California, disagrees with both of Defendant's arguments. First, regarding the alleged increased costs in preparing for discovery, dispositive motions, and motion for class certification, many courts in the Ninth Circuit have concluded that incurring litigation expenses such as those **does not** amount to an irreparable harm. *See Morse,* 2013 WL 123610 at *3 ("[T]he money and time a party must expend in [the] process [of civil litigation], while burdensome, does not alone constitute irreparable injury."); *see also Guifu Li.*, 2011 WL 2293221; *Castaneda v. United States*, 2008 US. Dist. LEXIS 40567 at *13 (C.D. Cal. May 20, 2008) ("The Court acknowledges that discovery can be burdensome. However, such a burden, while regrettable, does not constitute an irreparable injury"); *Broadberry v. T-Mobile USA, Inc.*, No. CV 06-6567 CW, 2007 WL 2221076 (N.D. Cal. August 2, 2007) at *4 ("The cost of some pretrial litigation does not constitute an irreparable harm to Defendant.").

Second, courts disagree with Defendant's contention that the increased burden of discovery in civil litigation, as opposed to arbitration, is sufficient to show irreparable harm, because Defendant will need to conduct discovery regardless of whether it is in civil litigation or arbitration. *See Morse*, 2013 WL 123610 at *3 ("[A]ny burden suffered in that process is significantly mitigated in light of the fact that the parties would have experienced lesser but still substantial burdens in the arbitration process defendants prefer."); *see also Guifu Li*, 2011 WL 2293221, at *4 ("[E]ven if Defendants' appeal is successful, it appears that the discovery costs arising during the appeal are inevitable. As Defendants will incur these costs regardless of the outcome of this motion, their limited financial resources are immaterial."); *See also R & L Ltd. Invs. Inc. v. Cabot Inv. Props., LLC*, No. CV 09-1525-PHX-MHM,

1  2010 WL 3789401, at *2 (D.Ariz. Sept. 21, 2010) (finding no irreparable injury and denying motion to
2  stay when "[c]ontrary to Defendants['] assertion, if their appeal was successful, the parties would still
3  be able to use the discovery in arbitration").

4  Likewise, in the instant case, whether in arbitration or civil litigation, or in individual or class
5  cases, Defendant will need to expend the same costs regardless of the outcome of the appeal.
6  Accordingly, the Court should find that Defendant HSGI will not be irreparably harmed absent a stay
7  of this case.

### C. The Balance of Hardships Does Not Tilt Sharply in Defendant's Favor Because the Issuance of the Stay Will Substantially Injure Plaintiffs

The third element which Defendant must meet for this Court to grant its motion to stay is the determination "whether issuance of the stay will substantially injure the other parties." *Nken*, 556 U.S. at 419. If the Court is using the "serious legal issues" end of the "sliding scale" of the four factors to determine denial or grant of a stay, then Defendant must demonstrate that the balance of hardships under the second and third factors tilts *sharply* in its favor. *Leiva-Perez*, 640 F.3d at 970. To determine this balance, courts in this district have found that the risk of loss of paper evidence exacerbated by a delay in litigation is enough to show that a stay will substantially injure plaintiffs. *Jimenez v. Menzies Aviation Inc.*, No. 15-cv-02392-WHO 2015, WL 5591722 (N.D. Cal. Sept. 23, 2013). Furthermore, at the very least, courts in this district have found that an inability to conduct discovery would create a substantial injury to plaintiffs. *Mohamed v. Uber Technologies*, 115 F.Supp.3d 1024, 1034 (N.D.Cal. 2015).

The Court need not analyze beyond the first two (2) elements because Defendant fails on the first two essential elements. *See Morse*, 2013 WL 123610; and *Guifu Li*, 2011 WL 22393221. However, even assuming that such elements above were met, the motion to stay should not be granted because the issuance of a stay would substantially harm Plaintiffs. First, if the stay is granted based on Defendant's appeal of this Court's denial of Defendant's motion to compel arbitration, Plaintiffs will be harmed by losing out on important time conducting discovery. Second, if the stay is granted based on the petitions for writ of certiorari that were filed with the Supreme Court in *Morris*, *Lewis*, and *Murphy Oil USA*, Plaintiffs would need to wait even longer for their case to be heard, considering the first hearing for all three (3) cases is January 6, 2017. Assuming the petitions are even granted in the first place, the actual

13

oral arguments and ultimate opinion would be much later. During all of this time, Plaintiffs would be forced wait to conduct discovery, wait longer for their claims to be heard, all based on arguments that may or may not even apply to this particular case. Therefore, staying the case to wait for a possible ruling by the Supreme Court on a case that has not been granted certiorari yet, would irreparably harm Plaintiffs.

Moreover, Plaintiff's PAGA claim is not subject to arbitration and requires the same discovery as the claims at issue on appeal. Therefore, Defendant will have to perform discovery outside of arbitration despite the outcome of the appeal. Thus, this factor tips the balance of hardships sharply in favor of Plaintiffs, not Defendant.

**D. The Public Interest Favors Denying the Stay**

While the Federal Arbitration Act ("FAA") may indicate a public policy favoring arbitration, there are other policies to consider that show that the public interest favors denying the stay. First, the National Labor Relations Act ("NLRA") extols an incontrovertible public policy: that the right of employees to act together is an essential, substantive right. 29 U.S.C. § 157; *see also Eastex, Inc. v. NLRB*, 437 U.S. 556, 566 (1978) (finding that employees have the right to pursue work-related legal claims together.).

Second, the state of California has an interest in enforcing its wage and hour laws. *Jimenez*, 2015 WL 5591722, at *4; *see also Sav-on Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319, 340 (Cal. 2004) (Labor Code section 1194 confirms "a clear public policy...that is specifically directed at the enforcement of California's minimum wage and overtime laws for the benefit of workers) (internal quotation marks and citations omitted); *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1205 (Cal. 2011) ("To permit nonresidents to work in California without the protection of our overtime law would completely sacrifice, as to those employees, the state's important public policy goals of protecting health and safety and preventing the evils associated with overwork").

Finally, connected to these rights is the policy of judicial efficiency and economy—that employees should be able to pursue their concerted work-related claims without unreasonable interference by employers filing appeals that do not raise sufficiently meritorious cases. The frustration of this process would discourage employees from bringing collective action cases against employers.

This, in turn, would discourage employees from filing at all, as the cost of litigating on an individual basis may be overly burdensome to many employees. To permit employers to frustrate this process, therefore, would violate public policy. Thus, public interest favors denying the stay.

## V. **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant HSGI's motion for a stay pending HSGI's appeal.

Dated: December 13, 2016

Respectfully submitted,
MAHONEY LAW GROUP, A.P.C.

*/s/ Kevin Mahoney*
Kevin Mahoney
Na'Shaun L. Neal
Treana L. Allen
Alina B. Mazeika
*Attorneys for Plaintiffs and all other similarly situated employees*