SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ADAM R. ROSENTHAL, Cal. Bar No. 246722
arosenthal@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California  92130
Telephone:  (858) 720-8900
Facsimile:  (858) 509-3691

THOMAS R. KAUFMAN, Cal. Bar No. 177936
tkaufman@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    (310) 228-3700
Facsimile:     (310) 228-3701

BRIAN S. FONG, Cal. Bar No. 262846
bfong@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

Attorneys for Defendant
HEALTHSOURCE GLOBAL STAFFING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MACKALL, as an individual and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHSOURCE GLOBAL STAFFING, INC., and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 3:16-cv-03810-WHO<br><br>Assigned For All Purposes To:<br>The Hon. William H. Orrick<br><br>**DEFENDANT HEALTHSOURCE GLOBAL STAFFING, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY THE CASE PENDING APPEAL**<br><br>Time: 2:00 p.m.<br>Date: January 18, 2017<br>Dept: Courtroom 2 (17th Floor)<br><br>[Complaint Filed: May 23, 2016] |

Case No. 3:16-cv-03810-WHO

SMRH:480176054.5                                DEFENDANT HSGI'S REPLY BRIEF RE MOTION TO STAY

## I. INTRODUCTION

Defendant Healthsource Global Staffing Inc. ("HSGI") has more than satisfied its burden to prove that, under controlling Supreme Court and Ninth Circuit precedent, the Court should stay this entire action pending resolution of HSGI's appeal. In opposing HSGI's reasonable request, Plaintiff has (1) grossly understated the significance of the issues on appeal; (2) ignored the considerable expenses, to both the Court and litigants, of class certification discovery and motion practice; (3) misapplied the balance of harm analysis; and (4) glossed over the public interest in favor of a stay.

The first prong of the test for granting a stay pending appeal evaluates whether the appeal raises a serious legal question of considerable significance. In this regard, Plaintiff is certainly within her right to claim that *Morris v. Ernst & Young, LLP*, No. 13-16599, 2016 WL 4433080 (9th Cir. Aug. 22, 2016) applies to HSGI's motion to compel arbitration. However, she cannot credibly argue that HSGI's appeal does not present "substantial legal questions" warranting a stay of this lawsuit. The question of the enforceability of class action waivers in employment arbitration agreements, and specifically the interplay between the Federal Arbitration Act ("FAA") and the National Labor Relations Act ("NLRA"), is significant and far-reaching. Undermining Plaintiff's attempt to downplay the paramount importance of this issue, the plaintiffs/prevailing party in *Morris* have also asked the United States Supreme Court to grant certiorari, noting that this issue "has bedeviled the lower courts, deeply split the Circuits as illustrated by four pending petitions for certiorari, and left employees and employers in unacceptable uncertainty as to how employment disputes are to be resolved." Brief of Respondents in Support of Petition at 2, *Ernst & Young LLP, et al. v. Stephen Morris, et al.* (2016) (No. 16-300).

With respect to the second prong, Plaintiff has not offered any compelling arguments to counter the irreparable harm that will result should this case proceed at the trial level while the Ninth Circuit scrutinizes a threshold jurisdictional issue. Instead, Plaintiff nonsensically argues that the burden of class discovery (where a party seeks to represent numerous current and former employees) is the same as that of discovery in a handful of individual single

plaintiff arbitrations before the same arbitrator (where parties represent only themselves). To the contrary, of course, discovery and motion practice in a broad class action, including the class certification process, are far more invasive and costly. If the Court denies HSGI's motion for a stay and the Ninth Circuit rules in HSGI's favor and/or the Supreme Court overturns *Morris*, this case will proceed to individual arbitration and the intervening class-wide litigation will have proven unnecessarily expansive, burdensome, and wasteful.

Third, Plaintiff has not articulated how she would suffer greater harm (or any harm) as compared to the harm HSGI will experience if Plaintiff is allowed to pursue class claims with the appeal pending. HSGI has demonstrated that without a stay, it will suffer irreparable harm, because it will have been denied the benefits of the very purpose underlying a class action waiver under the FAA—to avoid the considerable expense and unfairness of the class action process.

And finally, Plaintiff does not offer any explanation for why public policy weighs against a stay, particularly given that continued class-based discovery and motion practice during the pendency of the appeal consumes precious public, judicial resources.

In sum, all factors weigh in favor of granting a stay, and HSGI respectfully requests that the Court issue such a stay, pending the outcome of its appeal to the Ninth Circuit.

## II. ARGUMENT

### A. HSGI's Appeal Will Raise Substantial Questions Regarding the Scope and Application of *Morris*

#### 1. The Scope of *Morris* Raises Serious Legal Questions

Central to HSGI's appeal is whether the Ninth Circuit's decision in *Morris* should be broadly interpreted to bar every otherwise lawful employment arbitration agreement that does not provide an explicit right to "opt out." In denying HSGI's motion, the Court held that, "pursuant to the Ninth Circuit's holding in *Morris*, an arbitration agreement is invalid under § 7 of the NLRA if employees cannot opt-out of it <u>and</u> it waives <u>all</u> ability to pursue employment-related claims collectively." (Order, at 6:8-10 [emphasis added].) In its forthcoming appeal, HSGI's will argue that the Court incorrectly found that *Morris* applied

to the facts in this matter, in that the Arbitration Agreements "arguably require[] separate initiation of arbitration proceedings and do[] not expressly permit employees to join together to arbitrate their individual claims." (Order, at 6:18-22 [Dckt. 41].)

HSGI will further argue that even under *Morris* itself (assuming it is not overturned by the Supreme Court) the Arbitration Agreements do not bar individual HSGI employees from bringing their individual claims (i.e. non-representative) in a single arbitration. Unlike the "separate proceedings" clause in *Morris*, there is nothing in the Arbitration Agreements prohibiting employees from acting together to bring their individual claims in a single arbitration, or from the arbitrator consolidating multiple claims in a single arbitration proceeding. In other words, there is no waiver of <u>all</u> of an employee's ability to pursue his or her claims collectively, but rather only a reasonable restriction on procedural rights, which is not fatal to the Arbitration Agreements. Thus, even if the Supreme Court unexpectedly decides not to review *Morris* or the related cases addressing the interplay between the NLRA and the FAA, HSGI's appeal, on its own, raises significant legal questions which will impact not only this case, but many other employment-related disputes in the future.

**2. The Supreme Court is Likely to Grant Certiorari to Resolve the Issue of Class Waivers in Employment Arbitration Agreements and the NLRA**

The Supreme Court will likely grant review of the *Morris* decision. First, *Morris* satisfies two of the Supreme Court's independent criteria for granting review, because the Ninth Circuit "has entered a decision in conflict with the decision of another United States court of appeals on the same important matter; [and] has decided an important federal question in a way that conflicts with a decision by a state court of last resort." Sup. Ct. R. 10(a). Here, *Morris* is in conflict with decisions of other Circuits (*see*, *e.g.*, *Owen v. Bristol Care, Inc.*, 702 F.3d 1050 (8th Cir. 2013); *D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344, 362 (5th Cir. 2013); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297, n.8 (2nd Cir. 2013)) and with the California Supreme Court's decision in *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348, 366-374 (Cal. 2014), which specifically considered and rejected the contention that class action waivers in arbitration agreements are contrary to the NLRA.

Second, <u>prevailing</u> parties in the court of appeals in *Morris* have filed a brief <u>in support of</u> certiorari. Although the *Morris* plaintiffs were victorious at the Ninth Circuit, they recognize "[t]he unusual circumstance of the pendency of four petitions from four separate conflicting Circuit Court opinions, all filed within days of each other, show a deep conflict between the Circuits, and the exceptional importance of the issues presented by this petition to the Ninth Circuit Court of Appeals." Brief of Respondents in Support of Petition at 8, *Ernst & Young LLP, et al. v. Stephen Morris, et al.* (2016) (No. 16-300).

Because certiorari is likely to be granted, HSGI's appeal would raise a "serious legal question" as to the application of *Morris*. As such, the balance of hardships tips in HSGI's favor, and a stay is justified.

**B.   HSGI Will Suffer Irreparable Injury Having to Litigate Class-Based Claims During the Pendency of Its Appeal**

Plaintiff attempts to draw a false equivalency between individual arbitration and class-wide litigation to argue that "[t]he cost of some pretrial litigation does not constitute an irreparable harm to Defendant." (Oppo., at 12:18-19 (quoting *Broadberry v. T-Mobile USA, Inc.*, No. CV 06-6567 CW, 2007 WL 2221076 (N.D. Cal. August 2, 2007) at *4).) In fact, as HSGI pointed out in the instant Motion, many courts in this Circuit have found the expense of formal, full-blown discovery and dispositive and class certification motion practice to constitute irreparable harm. (Motion, at 10:8-26.) Plaintiff's argument that no irreparable harm exists because "some" discovery is inevitable in individual arbitration or class action litigation is fatally flawed. Plaintiff fails to make any showing as to what specific discovery is actually inevitable in each forum. *Mundi v. Union Sec. Life Ins. Co.*, CV-F-06-1493OWWTAG, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) ("On balance, Plaintiff has not identified information or subjects for which there is a present need for discovery.") Plaintiff fails to recognize the fundamental difference between the scope of discovery in individual arbitrations and that in class action litigation. Similarly, the fact that Plaintiff is also asserting PAGA claims does not change this dynamic, given that a PAGA action is not a class action, and therefore if the claims can truly be litigated in a

"representative" fashion (as Plaintiff contends), she will not need, and cannot ask for, traditional pre-certification class discovery. Furthermore, a considerable amount of discovery necessary for Plaintiff to prosecute her claims in individual arbitration has already been completed. HSGI has already served initial disclosures specifically related to Plaintiffs' claims and produced to Plaintiffs their personnel records, time records, and payroll records, as well as copies of HSGI's meal, rest period, and travel policies. (Declaration of Brian S. Fong, at ¶ 2.)[1] The vast majority of discovery still to be completed is classwide discovery, all of which would be rendered moot should the Ninth Circuit reverse the Court's Order. In other words, even if the Court agrees with Plaintiff that "some" discovery is inevitable in individual arbitration or class action litigation, the discovery which is common to both forums has already been completed in large part.

In contrast, "the cases cited by Plaintiff found a lack of irreparable harm where the proposed arbitration included substantial discovery and motions practice such that continuing to litigate in federal court would have resulted in little to no loss of time and money." *Ward v. Est. of Goossen*, 14-CV-03510-TEH, 2014 WL 7273911, at *3 (N.D. Cal. Dec. 22, 2014) (specifically distinguishing *Guifu Li v. A Perfect Franchise, Inc.*, No. 10–1189, 2011 WL 2293221, at *4 (N.D. Cal. June 8, 2011); *Morse v. Servicemaster Global Holdings, Inc.*, No. 10–0628, 2013 WL 123610, at *4 (N.D.Cal. Jan. 8, 2013); *R & L Ltd. Invs. Inc. v. Cabot Inv. Props., LLC*, No. 09–1525, 2010 WL 3789401, at *2 (D.Ariz. Sept. 21, 2010)). Here, the Arbitration Agreements specifically state that "[d]iscovery shall be conducted in accordance with the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures." The American Arbitration Association ("AAA") "strictly controls what discovery may occur during arbitration." *Peck Ormsby Const. Co. v. City of Rigby*, CIV. 1:10-545 WBS, 2012 WL 914915, at *5 (D. Idaho Mar. 15, 2012). In fact, the AAA Employment Arbitration Rules and Mediation Procedures place

---

[1] Plaintiffs, by contrast, have failed and refused to serve any initial disclosures to date, nearly 2 months *after* they were initially due on October 19, 2016.

1  control of permissible discovery in the hands of the arbitrator: "[t]he arbitrator shall have
2  the authority to order such discovery, by way of deposition, interrogatory, document
3  production, or otherwise, as the arbitrator considers necessary to a full and fair exploration
4  of the issues in dispute, consistent with the expedited nature of arbitration."  (AAA Rules,
5  at 19.)  Plaintiff has made no showing that the discovery in arbitration would expand beyond
6  the scope of the initial disclosures already served.

7  **C.    Plaintiff Cannot Show Any Prejudice as a Result of a Stay**

8  Plaintiff's only argument regarding potential prejudice to her is based on "losing out
9  on important time conducting discovery."  (Oppo., at 13:25.)  Generalized delay is
10 insufficient to establish prejudice to Plaintiff and her speculative arguments "about the
11 harms issuing from a stay of discovery carry little weight because [she] has failed to allege
12 them with any specificity."  *Ontiveros v. Zamora*, CIV. S-08-567 LKK, 2013 WL 1785891,
13 at *5 (E.D. Cal. Apr. 25, 2013).  In fact, "[c]ourts that have addressed this issue are generally
14 concerned with undue loss or destruction of evidence stemming from a delay."  *Ontiveros*,
15 2013 WL 1785891, at *5 (citing *Bradberry v. T–Mobile USA, Inc.*, No. C 06–6567, 2007
16 WL 2221076 at *4 (N.D.Cal. Aug. 2, 2007); *Winig v. Cingular Wireless LLC*, No. C–06–
17 4297, 2006 WL 3201047 at *2 (N.D.Cal. Nov. 6, 2006)).

18 As set forth in the Motion, and as Plaintiff does not dispute, <u>all relevant evidence will
19 be preserved during the pendency of the appeal</u>, pursuant to the Federal Rules of Civil
20 Procedure.  (Motion, at 12:3-7.)  Moreover, because the Ninth Circuit has already set a
21 briefing schedule whereby the appeal will be fully briefed within six months, it is unlikely
22 that significant delay will result from HSGI's appeal.  And, to the extent any delay results
23 from the Supreme Court's grant of certiorari in *Morris*, any prejudice to Plaintiff will be
24 greatly outweighed by the clear irreparable injury to HSGI should the Supreme Court
25 overturn *Morris*.

26 / / /
27 / / /
28 / / /

### D. Judicial Resources Will Be Substantially Conserved by Issuance of a Stay

The actual question before the Court here is whether a stay would promote the public policy of judicial efficiency and economy.[2] Plaintiff argues that the policy of judicial efficiency and economy does not support a stay because "employees should be able to pursue their concerted work-related claims without unreasonable interference by employers filing appeals that do not raise sufficiently meritorious cases." (Oppo., at 14:26-27.)

Plaintiff's argument that judicial efficiency and economy are promoted by permitting class-based discovery and motion practice during the pendency of HSGI's appeal, and the probable Supreme Court review in *Morris*, is irrational. As discussed above, a considerable portion of discovery necessary to vindicate Plaintiff's individual claims has been completed. Litigating class-based issues while the Ninth Circuit decides whether this case should be permitted to move forward on a classwide basis is the very essence of inefficiency. As one court has observed, "the procedural posture of this case counsels in favor of a stay. Plaintiff has not shown how speedy resolution of this matter would outweigh the undue consumption of judicial resources, the possibility of inconsistent decisions, and the potential confusion of class members in the event defendant prevails on appeal. The prudent course is to await the results of the appeal before proceeding further." *Ontiveros*, 2013 WL 1785891, at *6.

/ / /

/ / /

/ / /

---

[2] Plaintiff incorrectly frames the question before this court on whether public policy favors a stay as a confrontation between the FAA and NLRA. The question here is not whether the public policy in the FAA trumps the public policy in favor of concerted protected activity embodied in the NLRA. That is the substantial legal question the Supreme Court is being asked to take up by the plaintiffs and defendants in *Morris*. *See* Petition for Writ of Certiorari at I, *Ernst & Young LLP, et al. v. Stephen Morris, et al.* (2016) (No. 16-300) ("QUESTION PRESENTED: Whether the collective-bargaining provisions of the National Labor Relations Act prohibit the enforcement under the Federal Arbitration Act of an agreement requiring an employee to arbitrate claims against an employer on an individual, rather than collective, basis.")

### III. CONCLUSION

For the foregoing reasons, HSGI respectfully requests that the Court stay this matter pending the determination of HSGI's appeal.

Dated:  December 20, 2016

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Brian S. Fong*
ADAM R. ROSENTHAL
THOMAS R. KAUFMAN
BRIAN S. FONG
Attorneys for Healthsource Global Staffing, Inc.