# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MACKALL,<br><br>        Plaintiff,<br><br>    v.<br><br>HEALTHSOURCE GLOBAL STAFFING, INC.,<br><br>        Defendant. | Case No. 16-cv-03810-WHO<br><br>**ORDER GRANTING FINAL APPROVAL AND FEES AND COSTS**<br><br>Re: Dkt. Nos. 72, 73 |

On February 7, 2018 at 2:00 p.m. in Courtroom 2 on the 17th floor of the above-entitled court, Plaintiffs KAREN MACKALL and SHALIZA LACOMBE and Defendant HEALTHSOURCE GLOBAL STAFFING, INC. (collectively referred to as "the Parties") appeared before me on Plaintiffs' Motion for Final Approval of the Class Action Settlement herein. I also considered the Memorandum of Points and Authorities in support of the Motion and the declaration of Class Counsel, Plaintiffs Karen Mackall and Shaliza Lacombe submitted in support thereof.

After considering the evidence and argument presented by all Parties in attendance, I GRANT plaintiffs' motion for final approval in full.

On October 23, 2017, I certified for preliminary approval, the Settlement Class, consisting of plaintiffs and a class of non-exempt employees defined as: "all current and former non-exempt employees who performed any work in California in any healthcare position including, but not limited to, traveling nurses at any time during the class period, which is from May 23, 2012 through the date of Preliminary Approval," who will share in a Settlement of six hundred thousand dollars ($600,000.00) Settlement (the "Gross Settlement Fund" or "GSF").

The Gross Settlement Fund shall be distributed as follows: (1) Class Counsel Fees of two

hundred thousand dollars ($200,000.00); (2) Class Counsel costs payment of thirteen thousand seven hundred fifty four dollars and forty-six cents ($13,754.46); (3) Class Representative Enhancement Awards of seventeen thousand five hundred dollars ($17,500.00) collectively to the Named Plaintiffs (Mackall to receive ten thousand dollars ($10,000.00) and Lacombe to receive seven thousand five hundred dollars ($7,500.00), respectively); (4) Claims Administrator Costs of sixteen thousand three hundred fifty dollars ($16,350.00); and (5) LWDA distribution of fifteen thousand dollars ($15,000.00). Of the $15,000.00, seventy five percent or $11,250.00 shall go the LWDA and $3,750.00 shall be paid to the Class.

The remaining amount shall be the Net Settlement Amount, which will be distributed in its entirety to Class Members who have not excluded themselves from the Settlement based on the number of Qualifying Work Weeks the Settlement Class Member worked for Defendant during the Class Period. The Settlement Administrator shall issue payment according to the terms of the settlement. The following people have requested to be excluded from the Settlement, Gwenis Alexis, Ashley Bedford, Shemeka Bellard, Andrea Dixon, Colette Gaceta, Deaundria Harris, Carol Hochstein, Steven Holland, Monica Rogers, and Tonya Williams, and therefore shall be excluded from the terms of the Settlement.

Having also considered the motion for attorney's fees and costs, I awards attorney's fees to Class Counsel, the Mahoney Law Group, APC in the amount of two hundred thousand dollars ($200,000.00) and costs to Class Counsel in the amount of thirteen thousand seven hundred fifty-four dollars and forty-six cents ($13,754.46). I further ORDER that the costs of administration of the Settlement as set forth in the declaration of Zachary Cooley of KCC Settlement Administrators be paid out of the settlement in the amount of sixteen thousand three hundred and fifty dollars ($16,350.00).

I ORDER that Class Representatives; Mackall and Lacombe, shall receive seventeen thousand five hundred dollars ($17,500.00) collectively (Mackall to receive ten thousand dollars ($10,000.00) and Lacombe to receive seven thousand five hundred dollars ($7,500.00), respectively). I find that Plaintiffs have undertaken risk and performed valuable services on behalf of the Settlement Class and that this award would have a negligible impact on the claims of any of

1  the Settlement Class Members herein.

2  There have been no objections to the Settlement. I see no basis for determining that the
3  Settlement was reached by anything other than arm's-length negotiations. I find further that the
4  investigation and discovery was sufficient to allow Class Counsel and the Court to assess the
5  Settlement intelligently.

6  Accordingly, I ORDER all Parties and their counsel to cooperate in fulfilling the terms of
7  the Settlement Agreement consistent with this Order. I shall retain jurisdiction to effectuate the
8  terms of the settlement including the binding effect of the releases set forth in the Settlement
9  Agreement as to both the class representative and the putative class herein.

**IT IS SO ORDERED.**

Dated: February 7, 2018

William H. Orrick
United States District Judge